Kent, Ch. J.
delivered the opinion of the court. The second plea states that at the time the goods were sold, ope Isaac Riley carried on trade, by the above plaintiffs, under their name and firm, but, in truth, for his own profit, and on his own account, and at his risk; and that Riley, by the plaintiffs, under the above firm3 sold and delivered the goods, &c. From this statement in the plea, it appears that the suit is well brought in the name of the present plaintiffs; for the plea admits that the plaintiffs were authorized to sell the goods in their own names. The promise will therefore be presumed to be made to them, and they have a right to receive the money, and to discharge the buyer, and to compel payment. This was the doctrine laid down by Lord Mansfield, upon this very point, in Drinkwater v. Goodwin, (Cowp. 251.) The replication, however, traverses the fact that Riley had any concern in the contract, and tenders an issue upon it. But we need not concern ourselves with the replication, for the plea itself cannot stand the test of examination.
The plea is, in fact, a plea of set-off of a demand due from Riley to the defendant; but assuming that Riley was the cesluy que trust for whose benefit the goods were sold, a court of law cannot recognise and settle such interfering and complicated trusts as are unfolded by this plea. A set-off authorized at law under our statute, (sess. 24. c. 90.) only applies to the case of two or more persons dealing together, and one of them suing the other, and then the party sued may plead the general issue, and give notice of the matter he intends to set off; and if, by means of the set-off, the plaintiff is overpaid, the jury are directed to certify the balance due the defendant, for which the defendant shall have judgment and execution against the plaintiff. This provision is clearly inapplicable to the present case; and if the plea cannot be supported under the statute, it must fall; for it is admitted, that until the Fmglish set-off acts, a defendant was driven to his cross action, or to a bill in equity. (Collins v. Collins, 2 Burr. 820. Green v. Farmer, 4 Burr. 2214.)
The defendant pleads the set-off in bar of the action, instead of pleading the general issue, and giving notice of it as the act directs. He pleads it, not against the party suing him as the act directs, and which means the party to the record, nor as against Fairchild, the person whom he alleges is suing as cestuy que trust, in the name of the plaintiffs, but he pleads the set-off as against Riley. If, then, a balance was to be certified in his favour, there could not oe *406 any judgment and execution against Riley, for he is no party te jjje recor(j} anci p would be unjust to make the plaintiffs personally responsible for the balance due from Riley to the defendant. The plea is accordingly inadmissible, and bad in substance.
The third plea is equally bad. Even admitting the truth of the plea, it is no bar to this suit, for the interest of Riley, or of his assignees, in the debt of the defendant, must still be recovered in the name of the present plaintiffs, with whom the defendant personally contracted. Whether the money will be recovered by the plaintiffs as trustees for Fairchild, or as trustees for Riley%s creditors, is immaterial to the defendant; he has no concern with the question. The claim of Fairchild on the one hand, and of the assignees of Riley on the other, to the debt to be recovered, Cannot be tried in this suit. The plaintiffs are still entitled to recover the debt as trustees for one or the other of these creditors; and, after they shall have possessed themselves of the debt, may, for their own safety, and as stakeholders, compel these dif ferent creditors to interplead and have a decree in equity in favour of the rightful claimant.
The plaintiffs are, accordingly, entitled to judgment upon each demurrer.
Judgment for the plaintiffs.(a)

 See Brisban and Braman v. Caines, ante, 45.