## WARD *against* WHITNEY and STURGES.

Where a document attested by a subscribing witness has without objection been proved by secondary evidence in an examination of a witness conditionally, it is too late upon the trial to object to its being read from the deposition.

Where the owner of a ship has by parol agreed to sell an interest in her to his captain, but had never conveyed the title to him, the captain is not a necessary party in an action commenced by attachment against a charterer for freight carried on the charter party.

The obligor in a bond given pursuant to section 55 of title I, ch. 5 of part 2 of the Revised Statutes, (2 *R. S. p.* 12,) can not object that it was made by the defendant in an attachment with but one surety.

A stipulation in a charter party to pay "freight at $4 per chaldron Pictou mines measure of 30 cwt.," has reference to chaldrons weighing 30 cwt.

Where by the terms of a charter party, the freight is to be paid in an approved acceptance of 30 days from the period of discharging the cargo, and the agents of the freighter decline to give the acceptance, the owner may commence his action for it without waiting the thirty days.

This action was brought in the Superior court of the city of New York upon a bond given by the defendants to obtain the discharge of an attachment issued by the plaintiff against Thomas Tremlett, a non resident debtor, upon which the ship James Edward belonging to him had been taken. The bond contained a recital that application had been made by the defendant Whitney, for the discharge of the attachment. The cause was tried in October, 1848, before Mr. Justice VANDERPOEL.

To show the debt for which the attachment was issued, the plaintiff introduced the deposition of Joseph Webster, the captain of the ship, taken conditionally. He stated that in August, 1847, he was in London with the vessel, and there executed a charter party with the agent of Triplett. This was shown to and identified by the witness. By its terms he agreed to proceed to Pictou, Nova Scotia, and take on board a full cargo of coals and carry them to New York, where he was to deliver them to the order of Trip-

lett, " freight payable at four dollars per chaldron, Pictou
mines measure of thirty cwt. in approved acceptance of
thirty days from the period of discharging the cargo." The
charter party was signed by the agent, and beneath it was
an attestation by a subscribing witness. A direction then
followed as to the person from whom the coals were to be
obtained at Pictou. No objection to the manner of proving
the charter party, appeared by the deposition to have been
taken. The witness further testified that he proceeded
with the ship to Pictou and obtained the coals from the per-
son to whom he was by the direction at the foot of the charter
party to apply. It was not weighed or measured, but taken
on board as it was brought from the cars. He requested
the agent of the mines to have it weighed, but he answered
that they had no means of weighing it. The men employed
by the agent kept a tally of the number of car loads, but
the witness did not know how many there were. Some of
the loads were piled as high as the coals could be laid on
the cars, and some would be only level with the top of the
car: they came in this way haphazard, there being no par-
ticular number of car loads that were heaped up. After
the cargo was on board a bill of lading was prepared for
the witness to sign. This stated the shipment of " four
hundred chaldrons of Albion coals of the Albion mines
measure, to be delivered at the port of New York, to Trem-
lett or his assigns, they paying freight as per charter party,
four dollars per chaldron, Pictou mines measure of thirty
cwt. with average accustomed." The witness refused to sign
this until it was altered by a memorandum as follows:
" Contents unknown—coal not being weighed." With this
addition he signed it. At the time the charter party was
entered into, the witness had made a verbal arrangement
with the plaintiff to purchase one eighth of the ship, but
had never paid any thing upon it, and the bargain was sub-
sequently given up. In order to overcome any objection
upon account of his interest, a release from him to the
plaintiff of all his interest in the charter party, and the

claim arising thereon was executed and by stipulation received with the same effect as if made before the deposition was taken.

The plaintiff further gave in evidence that upon weighing the coals at New York, there were 458¼ chaldrons of thirty cwt. each: that after the delivery of the coals to the agents of Tremlett, a bill was presented to them for the freight, with charges for demurrage and expenses, in accordance with the terms of the charter party, and they refused to give an approved acceptance at thirty days therefor, but offered to pay the amount that would be due, estimating the coals at four hundred chaldrons.

It was shown on the part of the defendants that the cars in which coals are brought from the Pictou mines contain two miner's chaldrons, and that the coals are never weighed at the mines: that a miner's chaldron will turn out at New York from one hundred and forty to one hundred and forty-five chaldrons, and that the agents of Tremlett in New York had no authority to give acceptances for him, but that they offered to pay what they deemed due by the charter party upon the cargo of four hundred chaldrons.

The plaintiff's counsel moved for a nonsuit, on the grounds that: 1. There was no evidence of a demand of an acceptance in accordance with the terms of the charter party, and no evidence of any refusal to comply with such terms. The demand was for more than was due, and it was not made of any person authorized to give the acceptance.

2. The bond declared on is void, because it is not executed by Tremlett or his agent, with two sureties.

3. The witness Webster was the owner of one eighth of the vessel, and ought therefore to have been joined as a plaintiff in the attachment, and in this suit.

The court denied the motion, and charged the jury that the plaintiff was entitled to recover in this action four dollars for every thirty hundred weight of coals delivered from on board the ship James Edward. That there was nothing

in the charter party which made the measuring or weighing at Pictou conclusive upon the parties, and that the witness Webster had but an equitable interest under a contract, and by the rules of pleading should not have been made a coplaintiff.

The defendants' counsel then requested the justice to charge, that if at the time of the demand of the plaintiff, he was offered on behalf of Tremlett a full settlement on the basis of four dollars for each Pictou chaldron of the cargo of the ship James Edward, and he refused to accept such settlement, this suit could not be sustained. He refused so to charge, and proper exceptions were taken.

The jury found a verdict for the plaintiff for $2156·85, upon which a judgment was rendered which was affirmed by the superior court *en banc*. The defendants appealed therefrom to this court.

*A. F. Smith*, for the appellants insisted that the freight payable by the charter party, was four dollars per chaldron according to the measurement at the Pictou mines:. that Webster, the captain, was as part owner of the ship a necessary party in the proceeding under the attachment and in this action, and that the plaintiff should have been nonsuited because he was not joined: that the charter party was not properly given in evidence as there was no proof by the attesting witness of its execution:·and that the bond was insufficient under the statute as it should have been executed by the debtor or his agent, with *sureties*, when in fact it was executed simply by two obligors.

*F. Cutting*, for respondent.

MASON, J. The defendants' objection to the reading of the charter party was not well taken. The evidence of Webster had been taken conditionally, and the execution of the charter party was then proved without any objection being interposed. It was therefore too late to make one upon the trial. (2 *Cow. & Hill's Notes*, 558, 1213.)

There is no force in the objection that the plaintiff can not recover without joining Webster as a coplaintiff in the action. The legal title to the ship, and the legal interest in the charter party was in the plaintiff, and he alone was entitled to maintain the action. (*Alsop* v. *Caines*, 10 *Johns.* 396; *Clark* v. *Miller*, 4 *Wend.* 629; *Clarkson* v. *Carter*, 3 *Cow.* 84.) Besides, so far as the defendants are concerned in this action upon the bond, they can not raise the objection after having executed it to him personally.

The defendants insist that this is not a valid bond, for the reason that the statute requires the bond to be executed by the debtor or his agent, with such *sureties* as shall be approved by the officer, and that this bond has but one surety. An omission to procure more than one surety does not invalidate it. (*Johnson* v. *Lasene*, 2 *Ld. Ray.* 1459; *Mitchell* v. *Thorp*, 5 *Wend.* 287.)

The more important question remains, the determination of which depends upon the construction to be put upon the clause in the charter party, by which the plaintiff was to receive for the freight of the coals " four dollars per chaldron, Pictou mines measure of 30 cwt." The plaintiff insists that the price was thereby fixed at four dollars for each chaldron, Picton mines measure, defined to be one of thirty hundred weight. The defendants contend that four dollars was to be paid for each chaldron according to the Pictou mines measurement, without reference to its weight. Their construction would make the expression of " 30 cwt." of no significance whatever. I think it can not be put upon the contract without doing violence to the plainest rules of interpretation and the manifest intent of the parties. If possible, effect must be given to every expression in the contract. (*Chitty on Contracts*, 70.) This rule is carried so far, that it is said to be the duty of courts to give to all doubtful words or expressions such an interpretation as will make them produce some effect. (*Smith on the Cons. of Stat.* § 527.) The defendants' construction would require a disregard of the rule without any satisfac-

Ward *against* Whitney.

tory reason.   It is said that the best mode of expounding an instrument is by referring to the time when, and the circumstances under which it was made.   (*Smith on Stat.* § 512.)   The contract in question was made at London.   It was to transport coals from the Pictou mines at a particular price per chaldron, *Pictou mines measure.*   It would be quite natural that Captain Webster should desire to have it known and expressed in the contract how much a chaldron Pictou mines measure was; and I agree with the court below in holding that the clause has very much the appearance of having been inserted at his suggestion, either from a knowledge of the manner in which vessels were loaded at the mines, or from a distrust of having the word chaldron qualified by the addition of Pictou mines measure, without something to define its meaning.   I can not but think the expression is a material one, and that full force must be given to it.   The plaintiff therefore was right in claiming pay for the whole number of chaldrons of thirty hundred weight, and as Tremlett's agent did not furnish the approved acceptance, he was not bound to wait thirty days before bringing his action.   The judgment of the superior court should be affirmed.

RUGGLES, Ch. J., MORSE, TAGGART and WILLARD, JJ., concurred with Judge Mason.

GARDINER, JEWETT and JOHNSON, JJ., were in favor of a reversal of the judgment.

                                    Judgment affirmed.