(110 App. Div. 525)

### WILLIAMS et al. v. GRIDLEY.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. PAROL EVIDENCE—AMBIGUITY IN WRITTEN CONTRACT.

Where a contract provided for the purchase by plaintiffs of bicycles from defendant, "all to be filled by April 1st, or as soon as possible," there was no ambiguity, and parol evidence to explain the intention of the parties in using the phrase "as soon as possible" was inadmissible.

2. SALES—CONTRACT—WORDS AND PHRASES.

The phrase "as soon as possible," in a written contract for the delivery of certain bicycles "by April 1st or as soon as possible," had a definite

legal meaning, and bound the vendor to fill the order within a reasonable time after April 1st if not then filled.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 219.]

3. CONTRACTS—CONSTRUCTION.

In construing a written instrument for the purpose of ascertaining the intention of the parties, resort must be had to the instrument as a whole, and effect must be given to every part thereof, when it can be done without violence.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 730, 734, 743.]

Appeal from Judgment on Report of Referee.

Action by Philip A. Williams, Jr., and another, against Helen M. Gridley. Judgment for plaintiffs, and defendant appeals. Reversed. -

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

C. A. Hitchcock, for appellant.

B. J. Shore, for respondents.

NASH, J. The plaintiffs were jobbers in bicycles, engaged in business in Springfield, Mass., under the firm name of P. A. Williams & Co. The defendant was engaged in the manufacture of bicycles at Syracuse, N. Y. The parties entered into a contract in writing, as follows:

"Syracuse, N. Y., Nov. 18th, 1902.

"H. M. Gridley, Syracuse, N. Y.—Dear Madam: In addition to our order of Oct. 24th, 1902, you may enter our order for 3,000 (three thousand) of your Olive bicycles, model No. 53, same to be stripped, or, in other words, less tires, pedals, saddles, handle bars, tools and bag, at $8.75 each f. o. b. Syracuse, N. Y. Terms: Sight draft as soon as goods are ready for shipment, weekly, we to give you shipping directions for same.

"All wheels to be enameled Olive with red head, with Olive transfer on all wheels. All to be filled by April 1st, or as soon as possible.

"All wheels to be baselined that are sent to our home office at Springfield, Mass.; you to purchase of us such parts as we may offer you at the market price to complete the above order, same to be paid by you on receipt of goods, we agreeing as far as possible to have the goods delivered F. O. B. Syracuse, N. Y., you to furnish us specifications of the parts required. Specifications on above order to be as follows, Frames to be "22" unless special orders are received for other sizes, same to be equipped with Fauber Special Hangers.

"Very respectfully yours,　　　　P. A. Williams & Co.

"Accepted by H. M. Gridley."

The referee found that under and pursuant to said contract the defendant, prior to April, 1903, furnished and delivered to the plaintiff 469 wheels, and that the same were paid for in full prior to the commencement of this action, and that there still remained undelivered on April 1, 1903, 2,531 wheels, and that the defendant failed to deliver or to offer to deliver said 2,531 wheels to the plaintiffs on or before April 1, 1903; that it was the understanding, agreement, and intention of the parties, at the time of the execution of said contract, that all the wheels contracted for were to be ready for delivery to the plaintiffs on or before April 1, 1903; that the market value of the wheels specified in said contract, as modified, f. o. b. cars at Syracuse, N. Y., on or about April 1, 1903, was $12 per wheel; that the plaintiffs, by reason of the

failure of the defendant to deliver or to offer to deliver said 2,531 wheels and to have the same ready for delivery as provided in said contract as modified, on or prior to April 1, 1903, have suffered damages in the amount of $8,225.75, and interest thereon from April 1, 1903— and directed judgment for the plaintiffs therefor.

It appears that the phrase "as soon as possible" was not in the contract when it was first prepared, but was inserted before execution. The plaintiffs, under objection and exception, were permitted to give parol evidence as to the purpose of the parties in introducing into the contract the phrase "as soon as possible." The plaintiffs' witnesses testified that the reason for the insertion of this phrase was that the defendant objected to the contract as originally prepared, because she understood that the plaintiffs would not be required to take the wheels until April 1st, whereas she wanted the plaintiffs to take them as soon as they were ready, and that upon her request the phrase was inserted. The defendant's witnesses testified that the insertion of the phrase was made because she protested that, as prepared, the contract bound her to deliver the wheels by April 1, 1903, and that she might not be able to obtain the requisite material. The reception of this parol evidence was error. "The rule that parol evidence is inadmissible to add to or vary the terms of a written contract precludes evidence of the negotiation which preceded or conversations which accompanied the making of it in relation to the subject-matter thereof, unless necessary to explain ambiguous provisions, the meaning of which cannot be ascertained with certainty by an inspection of the written instrument." Corse v. Peck et al., 102 N. Y. 513, 7 N. E. 810. There is no ambiguity in the provision of the contract as it was finally made to read:

"All to be filled by April 1st, or as soon as possible."

This phrase has a definite legal meaning. The contract as originally prepared required payment by the plaintiffs "as fast as goods are ready for shipment, weekly," and gave the defendant until April 1st to fill the order. The additional phrase, "or as soon as possible," did not make the contract indefinite as to the time of performance. "As soon as possible" meant that the defendant was to fill the order within a reasonable time, under the circumstances. Church, C. J., Brink v. Hanover Fire Ins. Co., 80 N. Y. 112; Atwood v. Emory, 1 C. B. (N. S.) 110. Under the contract as it was completed there were two periods of time fixed by its terms for filling the order. First, by April 1st; second, if not then, "as soon as possible." In construing a written instrument for the purpose of ascertaining the intention of the parties, resort must be had to the instrument as a whole, and effect must be given to every part thereof, when it can be done without violence. Martin J., Sattler v. Hallock, 160 N. Y. 298, 54 N. E. 667, 46 L. R. A. 679, 73 Am. St. Rep. 686. If possible, effect must be given to every expression in a contract. Mason, J., Ward v. Whitney, 8 N. Y. 446. The finding of the referee that the wheels contracted for were to be ready for delivery to the plaintiff on or before April 1, 1903, leaves the phrase "or as soon as possible" wholly without force or effect. The finding construes the contract as if the only provision thereof as to the time of delivery was the phrase, "All to be filled by April 1st." With that phrase standing alone,

the defendant would have had until April 1st within which to make and deliver the wheels. The entire provision, "All to be filled by April 1st, or as soon as possible," plainly indicates that the order was to be filled by April 1st, or as soon thereafter as possible; that is, if not by April 1st, then at some period of time other than by April 1st. Unless the phrase "or as soon as possible" relates to a time subsequent, it is without force, and may as well have been omitted. This seems to have been the opinion of the learned referee. He suggests that his construction may offend the rule that, where it is possible, every clause in a contract should be given its due effect. The case here does not, we think, furnish an exception to the rule.

The judgment should be reversed. All concur, except HISCOCK, J., not voting.