## GAIL v. GAIL.

(Supreme Court, Special Term, Erie County. January, 1908.)

1. CONTRACTS—CONSTRUCTION—CONDITIONS PRECEDENT—TIME OF PERFORMANCE —PAYMENT OF CONSIDERATION.

　　Things required in contracts to be performed on a certain date are conditions precedent to those to be performed without date fixed, unless expressly specified to the contrary. Hence, if the day for payment of money is to or may happen before the performance of the consideration for such payment, an action for the money may be maintained before the performance of such consideration.

2. SAME—INTENT OF PARTIES.

　　Whether a thing to be done under a contract is a condition precedent to the performance of another act, whether the covenants are dependent one upon the other and must be concurrently performed, or are independent and distinct as to time of performance, depends upon the intention of the parties, to be ascertained from the contract.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 730.]

3. SAME—CONTRACT FOR SETTLEMENT OF DECEDENT'S ESTATE.

　　A contract for settlement of the estate of a decedent, who left real estate in both New York and California, between defendant, his son, and plaintiff, his widow, provided, among other things, that defendant should pay plaintiff $50 per month, commencing on a specified date and continuing until she should vacate certain property, and that plaintiff should release and quitclaim to defendant her dower and thirds in all of the real property of the decedent; but there was no time specified for such release or conveyances. Plaintiff received the monthly payments for over two years, and complied with all the conditions of the contract, except the release or conveyance of the California real estate, which she refused to convey, claiming a one-half interest therein, as community property, under the California law. Defendant then refused to continue the monthly payments, and plaintiff subsequently sued for the payments past due. *Held*, that plaintiff need not plead or prove performance of the covenant in order to recover.

Appeal from Municipal Court of Buffalo.

Action by Marty T. Gail against Adelbert D. Gail for certain payments due under a contract. From a judgment of nonsuit, plaintiff appeals. Reversed, and new trial ordered.

Bartholomew & Bartholomew, for appellant.
August Becker, for respondent.

BROWN, J. On the settlement of the estate of J. H. Gail, deceased, on the 29th day of June, 1904, the parties to this action entered in-

to a written agreement, reciting that they were desirous of settling affairs of decedent, making distribution of his property, and that defendant was desirous of making ample provision for future support and maintenance of plaintiff, his mother, and it was agreed that defendant should pay plaintiff the sum of $50 per month, commencing on the 6th day of June, 1904, and continuing until she should vacate certain premises on Richmond avenue, Buffalo, payment to be secured by mortgage; that first party should have all household furniture, etc., of decedent; that all personal property should be divided in certain proportion, and decedent's partnership effects should substantially go to defendant; that plaintiff should release and quitclaim to defendant her dower and thirds in all of the real property of decedent, and should execute such papers as might be necessary to effectuate that purpose. The decedent owned considerable real estate in the state of New York and certain real estate in the state of California. The plaintiff has been paid all of the monthly payments that accrued from the 6th of June, 1904, to December, 1906, and has performed all conditions of the contract to be performed by her, except that she has executed no conveyances or releases of the California real estate. Under the law of California, if the real estate in that state was community property, one-half thereof became the property of plaintiff in fee on the death of J. H. Gail, and at all times from June 29, 1904, the plaintiff claimed that she owned one-half of such real estate in fee. Under the law of such state, if such real estate was the separate property of decedent, plaintiff became vested with one-third thereof in fee on death of decedent. The plaintiff refused to convey one-third of such California real estate, and defendant refused to continue monthly payments. This action was brought by plaintiff to recover nine monthly payments accruing since December 1, 1906. The defendant answered, alleging that plaintiff had failed to convey her interest in California real estate, and claims that such conveyance is a condition precedent to her right to recover the monthly payments. The trial court so held, and rendered judgment of nonsuit.

It is a seriously controverted question as to precisely what plaintiff is obliged to do to comply with her covenant to "release and quitclaim to" defendant "her dower and thirds in all of the real property" of decedent. The plaintiff contends that they are synonymous terms, and mean the common dower right in New York; that is, use of one-third of real estate of decedent. The defendant contends in his answer that it was a mistake of the parties to use this language in the contract; that the parties meant that plaintiff should release and convey all her right, title, and interest in all real property; and alleges that the contract should be amended by such correction. Upon the argument of this appeal he contends that it means precisely what it says—"dower" in New York real estate, and "thirds" in California real estate. It is very doubtful whether the parties had anything in mind relative to the California property at all when the contract was made, and to say that the parties intended that the adjustment and settlement of their rights to such property must precede the defendant's liability to make the monthly payments is assuming a fact that does not appear to have

been established in the court below. The fact that defendant has been making those monthly payments from June, 1904, to December 1, 1906, is quite conclusive that he then did not intend and did not understand that he was to make no payments until the conveyance or release of California property was adjusted. The contract provides that the payments shall be made monthly, commencing June 6, 1904. This means that $50 becomes due on the 6th of each month. The date of payment is fixed and certain. The time when plaintiff is to release, etc., the California property, is not fixed. It is left uncertain. There is abundant authority that those things required in contracts to be performed on a certain date are conditions precedent to those that are to be performed without date being fixed, unless expressly specified to the contrary; that, if day for payment of money is to or may happen before the doing of the thing that is the consideration for such payment, an action may be maintained for the moneys before the performance of such consideration. Whether a thing to be done under a contract is a condition precedent to the performance of some other act, and in point of time must be first performed, whether the covenants are dependent one upon the other and must be concurrently performed, or are independent, separate, and distinct as to time of performance, depends upon the intention of the parties to be ascertained from the contract. Grant v. Johnson, 5 N. Y. 247; Acer v. Hotchkiss, 97 N. Y. 395; Paine v. Brown, 37 N. Y. 228; Bruce v. Carter, 72 N. Y. 616; Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; Glenn v. Rossler, 156 N. Y. 161, 50 N. E. 785.

The fact that defendant paid those monthly payments from June 6, 1904, to December 1, 1906, without exacting performance in any manner of plaintiff's covenant relative to the California real estate, is some evidence of defendant's interpretation of what the parties intended how the covenants should be performed in point of time. For the purpose of making provision for support of his mother, the defendant agreed to pay her $50 on the 6th day of each month, which covenant was not in any way made dependent upon the delivery of a release by her of the dower and thirds. The time for such release is not fixed. The contract is silent as to when it shall be delivered. It cannot be said from the contract that monthly payments should not be due until execution and delivery of release. There was due at time of commencement of this action, September 4, 1907, from defendant to plaintiff, the sum of $450, nine monthly payments; and it was not incumbent upon plaintiff, in order to recover for those monthly payments, either to allege or prove performance of the covenant relative to release of the California property.

The judgment of nonsuit must be reversed, and a new trial ordered in the Municipal Court.