(127 App. Div. 892.)

## GAIL v. GAIL.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. CONTRACTS—CONSTRUCTION.

The determination of the meaning and effect of a contract depends on the intention of the parties as expressed therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 730.]

2. SAME.

Words used in a contract are not to be dismissed as meaningless, unless they clearly do not serve in the expression of the intention of the parties as disclosed by the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 732.]

3. SAME—"DOWER AND THIRDS"—"THIRDS."

Plaintiff, who agreed to release and quitclaim to defendant, her son, her "dower and thirds" in all the real property owned by her deceased husband at the time of his death in consideration of certain monthly payments for her support to be made by defendant, contended that the expression "dower and thirds," etc., meant no more than would be expressed by the single word "dower," and that, as a right to an allotment of dower was not recognized in California, where some of the real property was situated, she was not bound to convey an interest in such lands; the word "thirds" referring only to personal property. Held, that the word as used in the contract referred to the actual interest in the California real estate to which plaintiff succeeded, and that she was bound to convey the same; the provision of the contract where the word was used relating only to real estate of the deceased, and the disposition of his personal property being completely provided for in other parts of the contract.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 6960.]

4. SAME—PLEADING.

Where, in an action on a contract binding defendant to pay plaintiff certain sums monthly and binding plaintiff to convey to defendant all her interest in the real estate of her deceased husband, plaintiff alleged full performance of the contract on her part, which allegation was controverted by the answer, defendant further claiming that he was under no obligation to pay the installments until plaintiff complied fully with the terms of the contract, it was incumbent on plaintiff to show such performance of the agreement on her part.

5. SAME—DEPENDENT OR INDEPENDENT STIPULATIONS.

Whether or not the mutual and reciprocal agreements of parties to a contract are dependent or independent is determined by the order of time in which by the terms and meaning of the contract their performance is required. If it appears that their performance is to be concurrent, they are dependent. If the performance of the whole or a part of the agreement of one party is to precede in time the performance by the other party of that part of the contract which the former seeks to enforce, then the right of the former to enforce, as against the latter, performance of the contract, is dependent on his prior performance of his part or of tender thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 762–764.]

6. SAME.

Where plaintiff agreed to release to defendant all her interest in her certain real estate in consideration of monthly payments to be made by defendant, she was bound to transfer her interest within a reasonable time after execution of the contract, or at least within a reasonable time after demand by defendant, before she could insist on further performance by defendant.

7. SAME—WAIVER.

Where plaintiff agreed to convey her interest in certain real estate in consideration of certain monthly payments for her support to be made by defendant, the fact that defendant paid a number of installments without requiring a transfer of part of the real estate was not a waiver of his right to afterwards insist on such transfer as a condition of future payments; it appearing that he at all times insisted that he was entitled to a transfer of plaintiff's interest in all the real estate.

Appeal from Special Term, Erie County.

Action by Mary T. Gail against Adelbert D. Gail. From a judgment (57 Misc. Rep. 545, 108 N. Y. Supp. 647) reversing a judgment of the Municipal Court in favor of defendant and granting a new trial, defendant appeals. Reversed, and judgment of Municipal Court affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

August Becker, for appellant.
A. G. Bartholomew, for respondent.

ROBSON, J. The contract upon which plaintiff bases her cause of action was made by plaintiff with her two sons shortly after the death of her husband, John H. Gail, for the purpose, among other things, of adjusting the rights to and making division of the personal property of which her husband at his death was the owner, and the release to the sons of plaintiff's interest in the real estate of deceased; she on her part to receive from the sons for her future support an agreed amount to be paid monthly. The defendant and his brother,

Harry M. Gail, are the only next of kin and heirs at law of John H. Gail, the deceased. He was at his death the owner of a considerable amount of personal property, and also of real estate, in the states of New York and California. The contract, to which we have referred, provided fully as to the disposition of the personal property, and each of the sons agreed thereby to pay to plaintiff the sum of $50 each month commencing June 6, 1904, and continuing thereafter so long as plaintiff should choose to occupy a certain house, described in the contract. An option was also given her to surrender this house and take possession of other premises, when an apartment house should have been built thereon by the sons in accordance with the terms of the contract, in which event it was evidently considered that the rents plaintiff would receive from the apartment house would take the place of the monthly payments, which were to cease, if she surrendered her first abode and took the apartment house. She has continued to occupy the first house, and has received from defendant monthly installments paid by him, as the contract provided, from June 6, 1904, to December, 1906. Since the latter date he has made no payments, and this action is brought to recover of him nine monthly installments accruing thereafter, which plaintiff alleges he now owes.

There is practically no dispute as to the facts in the case. The making of the contract is admitted, and that the monthly installments for the nine months preceding the commencement of the action have not been paid defendant also admits. He claims, however, that under the terms of the contract he is under no legal obligation to pay these installments until plaintiff complies fully with the terms of the contract on her part to be performed. Plaintiff's position is that defendant's agreement to make to her the monthly payments is an independent contract, and her right to enforce its provisions does not depend upon her fulfillment for defendant's benefit of the stipulations in the contract on her part to be performed. What the contract is in this case appears necessarily in the written instrument itself. Determination of its meaning and effect depends upon the intention of the parties thereto, which they have therein expressed, when that intention shall have been ascertained. This has been so often authoritatively asserted as a primary and controlling rule of construction of contracts that citation of authorities would be simply a repetition of instances in which the rule has been applied and recognized as axiomatic. Whatever apparent divergence in or contradictory application of this rule may appear in the decision of individual cases is not due to a failure to recognize this rule as universally applicable. The difference in decision was due only to the results obtained by an effort to apply the recognized rule to the particular case. The case now before us presents, in the decision of the Municipal Court and of the Special Term on appeal, another instance of the directly opposite conclusions at which different courts will arrive in applying this recognized rule to the interpretation of the same contract, and in each instance the conclusion of the court is supported by a well-considered opinion.

The first question presented for our determination is: What intention have the parties to this contract expressed in defining and specifying the interest in decedent's real estate belonging to plaintiff

which she agreed to convey to the sons? The expression of this intention is found in the tenth clause of the contract, which reads as follows:

"Tenth. The party of the first part shall release and quitclaim to the parties of the second and third part, her dower and thirds in all of the real property owned by the late John H. Gail at the time of his death, and she shall execute such papers as may be necessary to effectuate that purpose."

It appears that the real estate in California was held and owned by John H. Gail at the time of his death as his separate estate. By the laws of that state plaintiff, as the widow of deceased on his death intestate, succeeded to the title to a one-third interest in this real estate; he having left two children surviving him. Defendant claims that plaintiff's agreement, expressed in this tenth article of the contract above quoted, was to convey to him and his brother her interest in the California lands, as well as her dower right in the local real estate, and he, having succeeded to the interest of his brother in this part of the contract, should have conveyance to him of this interest before plaintiff can rightfully claim further payments under his agreement to pay to her the monthly sums. Plaintiff, on the other hand, insists that the expression "dower and thirds in all the real property," etc., means no more than would be expressed by the single word "dower," and, as a right to an allotment of dower is not recognized by California law, she has not agreed to convey any interest, whatever, in the California lands. One ground upon which she seeks to support this position is that the word "dower" designates a widow's interest in her deceased husband's real estate, as fixed by the laws of states recognizing that right, and "thirds" refers only to the widow's interest or share in the personal property left by the husband. This meaning of the term "thirds" has been recognized and applied when it has been used together with the word "dower" in connection with, or affecting, the disposition of both real and personal property; but, as was said in Bruce v. Denison, 6 Ves. 385:

"The word 'thirds' is never used accurately. It is a sort of expression in common parlance descriptive of the interest upon an intestacy."

It might therefore be used to indicate any interest in either real or personal property to which the widow succeeded on the death of her husband, without doing violence to the ordinary and accepted use of the term. It is clear in the present case that "thirds" is not intended to refer to plaintiff's interest in the personal property, for the provision of the contract where it is used relates only to the real estate of the deceased, and the disposition of his personal property is completely provided for in other parts of the contract.

Plaintiff also urges that "thirds," as here used, means exactly the same as "dower," with which it is associated. It will be observed that it is plaintiff's "dower and thirds in all the real property owned by" deceased that she agrees to "release and quitclaim." To give to this clause of the contract the meaning for which plaintiff now contends would be to hold that it is as if the words "and thirds" had been omitted. Words used in a contract are not to be dismissed as meaningless, unless they clearly do not serve in the expression of the in-

tention of the parties as disclosed by the contract. Buffalo East Side
R. R. Co. v. Buffalo Street R. R. Co., 111 N. Y. 132–139, 19 N. E.
63, 2 L. R. A. 284; Williams v. Gridley, 110 App. Div. 525–527, 96
N. Y. Supp. 978. There is no evidence before us in the record that
the plaintiff did not have full knowledge that deceased at his death
owned real estate in California as well as in this state. We must
therefore assume that she did know that fact, and that the expression
"all of the real property owned by deceased," her dower and thirds
in which she agreed to release and quitclaim, was understood by the
parties to the contract as including, and that it did in fact include, the
several parcels of California, as well as the New York, real estate.
The term "thirds" was apt to designate the actual interest in the Cali-
fornia real estate, to which plaintiff succeeded on the death of her
husband, and we hold that as used in the contract it did refer to that
interest which she was to convey according to the contract. Passinger
v. Thorburn, 34 N. Y. 634–641, 90 Am. Dec. 753.

Neither can we at present yield assent to the further claim of plain-
tiff that, even if she is bound by her agreement to convey to plaintiff
her interest in the California real estate, yet her right to recover of
plaintiff under the agreement for monthly payments to her is not de-
pendent upon her performance of her part of the agreement. It may
be incidentally observed that in her complaint she alleges full perform-
ance of the contract on her part, and we are of the opinion that this
allegation of her complaint was properly included therein as an al-
legation of fact, to be established in proving her cause of action. That
she could not have established this fact we have already concluded;
but whether or not this was a necessary allegation to be pleaded in
her complaint, and, if controverted by the answer, established by proof
on the trial, we must hold that, the issue having been tendered by the
answer, as it clearly is in this case, that plaintiff has not completed
her agreement, upon which, as is further claimed in defendant's an-
swer, her right to insist on the performance by defendant of his part
of the agreement by paying her the monthly sum, which he has agreed
to pay depends, it was incumbent upon her to show such performance
of the agreement on her part. It is said, in Ewing v. Wightman, 167
N. Y. 107–113, 60 N. E. 322, that the rule to be applied in the con-
struction of such contracts, as stated in Bank of Columbia v. Hagner,
1 Pet. (U. S.) 455–464, 7 L. Ed. 219, is firmly settled in our juris-
prudence. This rule is that:

"In contracts of this description the undertaking of the respective parties
are always considered dependent, unless a contrary intention clearly appears.
A different construction would in many cases lead to the greatest injustice,
and a purchaser might have payment of the consideration money enforced up-
on him, and yet be disabled from procuring the property for which he paid it."

It is also true that whether or not the mutual and reciprocal agree-
ments of parties to a contract are dependent or independent is deter-
mined by the order of time in which by the terms and meaning of their
contract their performance is required. Grant v. Johnson, 5 N. Y.
247; Glenn v. Rossler, 156 N. Y. 161–167, 50 N. E. 785. If it ap-
pears that their performance is to be concurrent, then they are de-
pendent. If the performance of the whole or a part of the agreement

of one party to the contract is to precede in time the performance by the other party of that part of the contract which the former seeks to enforce, then the right of the former to enforce, as against the latter, performance of the contract, is dependent upon his prior performance of his part of or tender thereof. Grant v. Johnson, supra.

The agreement now before us provides that the payment by defendant to the plaintiff of the monthly installments referred to therein shall be secured by a mortgage given by defendant upon a part of the real estate as to which plaintiff agreed to release her dower. This mortgage has been given. We think the execution of this mortgage, which in effect secured to plaintiff payment of the purchase price of the interests in real estate, which plaintiff by the tenth clause of the contract agreed to convey to defendant, was intended by the parties to be concurrent with the performance by plaintiff of her part of the agreement embodied in that clause. If this be true, then, she having accepted the mortgage security, her right to enforce the monthly payments thereby secured is dependent upon her transferring, as she has agreed, the interests in real estate to secure the purchase price of which she had accepted the mortgage. But whether this be the true construction of the contract, or not, it is certain that the transfer of plaintiff's interest must be made by her within a reasonable time after the execution of the contract, or certainly within a reasonable time after demand by defendant. It appears that she has already released, as the contract provides, her dower interest in the New York real estate, but has continuously refused to comply with defendant's demands, made many times before he ceased paying the monthly installments, that she convey to him her interest in the California property. The time at which she was to comply with and perform her part of the agreement had therefore arrived before defendant's default in his payments to her of which she now complains. Her right to insist on further performance by defendant of his part of the agreement was dependent therefore on her doing as she had agreed.

It is also urged that defendant by paying the monthly installments, as he did, without requiring of plaintiff the transfer of her interest in the California real estate, as well as in that in New York, operated as a waiver of his right afterwards to insist on such transfer as a condition of further payments. It may be that it was such waiver as to each payment actually made by him, but to hold that it also operated as a waiver of this right as to all future payments would result in manifest injustice to him; it appearing that he at all times insisted that he was entitled to a transfer of plaintiff's interest in all the real estate. A waiver as to future payments by defendant cannot be constructed from facts like these.

Judgment reversed, and judgment of Municipal Court affirmed, with costs to appellant at Special Term and in this court. All concur.