(81 Misc. Rep. 222.)

### HELLER v. BODENSIEK et al.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION— DISCHARGE.

A contract of employment, providing that whereas the first party was desirous of securing the services of the second party as general manager for the sales department of a certain business, and whereas the second party was desirous of obtaining and filling such position "to the satisfaction of the parties of the first part," did not authorize the employer to discharge the employé on the ground that his work was not satisfactory; the contract of employment being for a definite time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

Appeal from City Court of New York, Trial Term.

· Action by Joseph E. Heller against Jennie M. Bodensiek and others, copartners doing business under the trade-name of "Mood." From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Thomas J. O'Neill, of New York City (Samuel Hellinger, of New York City, of counsel, and L. F. Fish, of New York City, on the brief), for appellant.

Myers & Goldsmith, of New York City (Emanuel J. Myers and Gordon S. P. Kleeberg, both of New York City, of counsel), for respondents.

BIJUR, J. [1] The only point involved in this appeal is whether the contract is to be read as one entitling the defendants to discharge

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff, their employé, on the ground that they were dissatisfied with his work.   The sole warrant for such a construction of the contract is contained in the second of the two recitals, which read as follows:

"Whereas, the parties of the first part are desirous of securing the services of the party of the second part as general manager for the wholesale sales department of the business of corsets, bust supporters, bust and hip reducers; and

"Whereas, the party of the second part is desirous of obtaining and filling such position to the satisfaction of the parties of the first part."

The respondents cite a number of cases which hold, in substance, that in construing an agreement all parts must be read together and each part given its due weight, and that recitals of fact in an executed contract under seal are to be regarded as estoppels against the parties who make the statement.   See, for example, Gail v. Gail, 127 App. Div. 892, 112 N. Y. Supp. 96; Patterson v. Guardian Trust Co., 144 App. Div. 863, 129 N. Y. Supp. 807; Altman v. McMillin, 115 App. Div. 234, 100 N. Y. Supp. 970.

I do not find that any of these cases are relevant, nor am I cited to any case which goes to the extreme extent, contended for by respondent, of holding that a mere casual recital of an obvious state of mind of the employé converts a contract of absolute employment for a definite time into one dependent upon the satisfaction of the employer with the work of the employé.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.