COYNE v. VALLEY STREAM REALTY CO.   (No. 6916.)

(Supreme Court, Appellate Division, First Department.   March 19, 1915.)

VENDOR AND PURCHASER ⬥334—CONTRACT—OPERATION.

Where plaintiff's decedent bought lands on a monthly installment contract, and the vendor agreed that, if decedent should die before completion of the contract, the vendor would pay to her estate the money paid under the contract, provided that the decedent was not then in arrears, and where the decedent was largely in arrears at her death, there could be no recovery by the administrator of the sums paid; the receipt of an installment shortly before her death, while a waiver of the right to forfeit the contract, not being a waiver of the condition on which the right to return of the money was based.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980; Dec. Dig. ⬥334.]

Appeal from Trial Term, New York County.

Action by Thomas J. Coyne, as administrator, against Valley Stream Realty Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Benjamin Reass, of Brooklyn, for appellant.
Richard B. Hand, of New York City, for respondent.

SCOTT, J. The action is by the administrator of Mary Ellen Boyle, deceased, to recover the sum, with interest, paid by decedent to defendant upon a contract for the purchase of real estate. On June 22, 1907, Mary Ellen Boyle, under the name of Lella Boyle, signed a contract to purchase from defendant a lot of land at Valley Stream for the sum of $3,030, to be paid $303 down on signing the contract and $30 "in each and every month following the date hereof until said principal sum with interest at 6 per cent. per annum on all unpaid balances, and all taxes or other assessments made or levied after one year subsequent to the date hereof, are fully paid." The contract contained the following clause:

"Second. That prompt performance and time are the nature and essence of this contract and each of its conditions, and therefore, if default of payment is made of any one of said monthly installments of said principal sum for a period of sixty days after it becomes due, or if said party of the second part fails to perform any other of the agreements on her part herein contained, the balance of the principal sum then remaining unpaid shall immediately become due and payable, or at the option of the party of the first part, all rights of the party of the second part under this agreement, and all right, title, interest, and claim in and to said described premises, shall become void and of no effect, whereupon the said party of the first part shall be released from all obligations hereunder, and all moneys theretofore paid hereon shall be held as liquidated damages by the party of the ffrst part without notice. In the event of the death of the party of the second part, before the completion of this contract, and provided no payment hereunder is in arrears, the party of the first part shall upon demand pay to the heirs, executor, or administrator of the said party of the second part, upon proper proof of such death, with full surrender and release of this contract and all rights thereunder, all money paid hereon with interest at 4 per cent. per annum; but no assignment hereof shall be made by the party of the second part without the written consent of the party of the first part."

The decedent did not pay the installments regularly, and many she did not pay at all, so that at her death she had paid about $900 less than she would have paid if she had lived up to her contract and paid $30 each month. The defendant, however, never exercised its option to treat the whole purchase price as immediately due and payable, or to declare the contract avoided. Decedent died July 14, 1914. Prior to that defendant, or its collecting agent, had written her an urgent letter calling her attention to the fact that the arrears accumulated on principal were $413, on interest $153.11, and on taxes $13.98. The letter insisted that something be done to reduce this excessive arrearage, and suggested an increase of the monthly installments from $30 to $40. She apparently sent a payment of $30, which was credited for the month of May, 1914. After her death, it appears from a letter addressed to her that defendant then held, and must have held at the time of her death, the sum of $30 rebate on taxes paid prior to 1913. This was afterwards credited to her as payment of the August, 1914, installment. The plaintiff now seeks to recover from defendant the amounts which decedent had paid, with interest.

Referring back to the clause in the agreement under which this claim is made, it will be seen that it is divisible into two parts, one of which states the rights reserved to defendant in case of default in payment of the monthly installments, and the other of which states the right reserved to Miss Boyle's estate in case she dies and is not then in arrears. These provisions are clearly separable and independent (Gail v. Gail, 127 App. Div. 892, 112 N. Y. Supp. 96), and so all parties concede. The right reserved to defendant is to either declare the whole sum due, or to avoid the contract and retain as damages all money paid thereunder in case of default in the payment of any monthly installment. Defendant never attempted to exercise either of those options, and probably the acceptance of a payment of $30 in June, 1914, and crediting it as a payment of the installment falling due in May, effectually waived the right to exercise either of its options for any default committed prior to May.

The second part of the clause was, as has been said, as entirely independent of the first part as if it had been written into the contract as a separate clause, and it must be considered by itself. It conferred a privilege upon Miss Boyle's personal representative, in case of her death before the completion of the contract, "provided no payment hereunder is in arrears." It seems clear that the $900 which should have been paid, but had not been, was "in arrears." It had become payable, had not been paid, and consequently was in every sense of the word "in arrears."

The receipt of $30 in June, and the act of crediting it upon the payment due in May, while it constituted a waiver of certain privileges which the contract gave to defendant, did not pay, nor release Miss Boyle from the obligation to pay, the installments which were then overdue. Consequently at the time of Miss Boyle's death there were "payments in arrears," and the condition did not exist which would, under the contract, entitle her personal representatives to recover what she had paid.

The judgment appealed from must be reversed, and the complaint dismissed, with costs in all courts to the appellant. All concur.