In the Matter of the Estate of EMANUEL GREEN VALVERDE, Deceased.*

Surrogate's Court, Kings County, June 28, 1933.

*Thomas A. McDonald* [*Franklin M. Depew* of counsel], for Cathryne Cornell, administratrix.

*Philip Cooper*, for William J. Colker.

WINGATE, S.  The logical effect of the main argument of counsel for the movant herein would result in a thesis which neither he nor any other competent attorney would care to postulate.  It is in substance that since section 101, subdivision 3, of the Insurance Law gives to the insurer the sole option to make the application for the policy a part of the contract, such application, if the option be exercised, should not be considered by the court in an interpretation of the contract of insurance.  While *Becker* v. *Colonial Life Ins. Co.* (153 App. Div. 382) and *Archer* v. *Equitable Life Assur. Soc.* (169 id. 43; affd., 218 N. Y. 19, 22) give some of the reasons underlying this enactment in question, the effect of the exercise of such option is stated in the enactment itself and in the opinion of the Court of Appeals in the *Archer* case (see pages 22, 23), and is that by such incorporation the application becomes an integral part of the contract between the parties.

It is primary that in the interpretation of any written document every portion thereof is to be given effect, and it is beyond the power of the court in the ordinary case to delete or disregard any part. (*Fleischman* v. *Furgueson*, 223 N. Y. 235, 239; *Adams* v. *Massey*, 184 id. 62, 69; *Matter of Reppucci*, 145 Misc. 671, 677.)  In every

*Affg. on reargument, 148 Misc. 49.

contract provisions thereof are inserted at the election of one or the other party. To maintain that any parts so included on the insistence of one, should, in the absence of inequitable conduct on his part, be disregarded in arriving at the meaning of the agreement as a whole, is a *reductio ad absurdum* which would destroy all contract law. It must follow, therefore, that by reason of its physical incorporation therein, the application becomes an integral part of the contract for better or for worse, and that its language must be considered by the court in the interpretation of the document.

In all questions of documentary interpretation, the object of the court is to ascertain the true intention of the parties as evidenced by the words employed. (*Manson* v. *Curtis*, 223 N. Y. 313, 320; *Gail* v. *Gail*, 127 App. Div. 892, 894.) As the court points out in *Dunn* v. *New Amsterdam Casualty Co.* (141 App. Div. 478, at p. 479): " It is not easy to perceive why a different rule of construction should be applied to the clause of a life insurance policy providing for the disposition of the money to become due under it from that applicable to a testamentary disposition, where both have the same object, *i. e.*, provision for those who are the natural objects of the assured's or the testator's bounty. The mere fact that one instrument is a will and the other a contract appears to us to be of little consequence. In the one case the intention of the testator, in the other the intention of the insured is paramount. The insurer has no interest in the matter, except to have the provisions definite enough for its protection."

This is merely another method of expression of the thought quoted from *Nellis* v. *Western Life Ind. Co.* (207 N. Y. 320, 332) in the former opinion in this case, and is complementary to the principle voiced in *White* v. *Hoyt* (73 N. Y. 505, at p. 511): " The rule in ethics is, that ' when the terms of a promise admit of more senses than one, the promise is to be performed in that sense in which the promisor apprehended at the time the promisee received it,' and this is the established rule at law, as well as in morals. In the language of the books, it is to be interpreted in the sense in which the promisor had reason to suppose it was understood by the promisee."

In the present case the decision of the Court of Appeals in *McGowin* v. *Menken* (223 N. Y. 509) has placed a definite meaning upon the language adopted by the insured respecting the payee of the policy. This was a matter which concerned him and was of absolutely no moment to the company. The result is inevitable on every applicable principle of construction that the interpretation to be placed upon the contract must be that which the former intended. In the *Dunn Case* (*supra*) the court went even further

and determined, in effect, that in every such case the intention of the insured is to benefit the named payee only if it be demonstrated that at the time of accrual of the right, he is capable of receiving such benefit. In the instant case it is unnecessary to go so far, although, extraneously from the considerations herein reviewed, it can scarcely be gainsaid that the insured would have preferred to have his creditors remember him with favor rather than that a gratuitous benefit be conferred upon a person who was a blood-stranger to him.

On reason and authority the court is satisfied that the result previously attained is correct. The motion for reargument is, therefore, granted, and on such reargument the former disposition of the question is affirmed.

Proceed accordingly.