ALPHONSO ALLICK, Appellant, *v.* COLUMBIAN PROTECTIVE ASSO-CIATION, Respondent.

Supreme Court, Appellate Term, First Department, February 1, 1945.

*Bernard Jacobson* and *Daniel Jacobson* for appellant.

*Eli T. Scott* for respondent.

MEMORANDUM *Per Curiam.* Defendant's proof showed the applicant suffered an undisclosed substantial illness after the date of the application and before delivery of the policy and that such illness later caused her death. As the application

attached to and made part of the insurance contract provided the policy would not be in force in such a contingency, that condition precedent under the circumstances asserted by defendant was not complied with. The policy, not being in force, could receive no vitality from the incontestability clause. We think the justice below in ruling that defendant was entitled to a trial of the issue presented correctly denied plaintiff's motion for summary judgment.

The order should be affirmed, with $10 costs.

EDER, J. (dissenting). I am unable to concur for affirmance.

The plaintiff appeals from an order denying his motion for summary judgment. The action is brought to recover the sum of $500 being the face amount of an industrial life insurance policy issued by the defendant to the plaintiff's wife. By an application dated October 5, 1940, she applied for said insurance; the application was accepted without physical examination and on October 21, 1940, the defendant issued its said policy which was duly delivered to the insured; she died a little over sixteen months after the delivery of the policy; all premiums were duly paid. There is no issue as to the truth of the statements contained in the application as to the good health of the insured and there is no issue that the policy was obtained by reason of any false representations made in the application.

The application provided that the insurance applied for was not to be in force if at the time of the delivery of the policy the applicant was not in good health. The refusal to pay is based upon the claim that in the interim between the making of the application and the delivery of the policy the insured was suddenly afflicted with a serious disease of a continuing nature which ultimately proved fatal; she died sixteen and one-half months after the delivery of the policy; the defendant alleges that immediately upon learning the facts it returned to the plaintiff all the premiums paid on the policy.

The defendant maintains that the afore-mentioned provision in the application to the effect that the applicant must be in good health at the time of the delivery of the policy was a condition precedent to the insurance taking effect; that as the applicant was not in good health when the policy was delivered no contract of insurance ever came into being and that the subsequent policy was never in force.

The application was attached to the policy; the policy expressly provides that it " together with " the attached appli-

cation, " made part hereof ", constitutes the " entire " contract between the parties. It was in compliance with the statute (Insurance Law, § 163, subd. 1, par. [c]); by attaching the application to the policy it became an integral part of the contract of insurance between the parties. (*Matter of Valverde*, 148 Misc. 347, affd. 242 App. Div. 653.) The policy also contains an incontestability clause; it provides that except for nonpayment of premiums the policy is incontestable after it has been in force for one full year from its date of issue within the lifetime of the insured. The plaintiff contends that by virtue thereof the defendant is estopped from disclaiming liability on the mentioned ground.

As to the effect of the incontestability clause upon an agreement as that contained in the application, we are informed that authority is lacking directly on the point. The defendant alludes to the rule that where conditions precedent to the taking effect of a policy as agreed upon in the application are not complied with, the policy is without force or effect (citing as illustrations *Glickman* v. *New York Life Ins. Co.*, 291 N. Y. 45; *Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234), and urges that it follows that the incontestability clause, as part of the policy, likewise becomes inoperative.

I do not agree that this is a necessary and unavoidable result in all instances; as I view the matter, it depends upon the facts of each particular case; such good health at the time of delivery clauses have been heretofore considered in this State (*Webster* v. *Columbian National Life Insurance Co.*, 131 App. Div. 837, affd. 196 N. Y. 523; *Chinery* v. *Metropolitan Life Insurance Co.*, 112 Misc. 107); in those cases it was held that the incontestability clause barred an escape from liability upon the ground here interposed by the defendant.

The defendant argues that those cases are distinguishable in that there the applications did not contain a good health clause though such a provision was contained in the policy itself; that as the policy was but a *single* contract the good health clause was simply another clause in the *same* contract, just as much as the incontestability clause, or any other clause therein, and hence they were required to be construed together, and not as separate contracts; that the incontestability clause thus rendered the good health clause inoperative.

In the instant case, it is contended that the situation is different; that here the application, as distinguished from the policy, did contain such a good health clause; that the applica-

tion is a distinct agreement, separate and apart from the policy itself, and must be separately construed and considered; that so separately construed and considered, it never became effective or ripened into a contract of insurance for the reason stated and hence the policy and policy provisions never came into being. I fail to see that this aids the defendant.

Granting that an application and its subsequent acceptance result in a contract and that until the policy takes effect as a contract between the parties none of its provisions becomes effective, I do not perceive that it has any decisive significance here. Despite the defendant's statement that the application in the case at bar is a distinct agreement, separate and apart from the policy itself (and for which reason it is claimed it must be separately construed and considered), it is nothing of the sort; by the express terms of the policy it is provided and specifically agreed that the policy " *together with* " the *application* " attached hereto, and *made part hereof* ", constitute the " entire " contract between the parties (italics supplied); language can hardly be more clear and expressive; " together with " imports a close and inseparable union (*Williams* v. *Best,* 195 N. C. 324); " entire " is undivided (20 C. J., p. 1269); the statute likewise declares that the policy *and* the application therefor constitute the entire contract between the parties; the particle " and " signifies plainly that neither the application nor the policy, singly, shall constitute the contract of insurance, but only the union of both.

Thus by statute as well as by exress agreement the application and policy have been inseparably united as one instrument. This result, it seems to me, completely destroys the whole foundation upon which the defendant's contention rests and renders inapplicable all of the cases upon which it relies and to which it has referred in support of its contention. As a matter of fact and reality and in net result, therefore, by virtue of the statute and the agreement of the parties the case becomes one where both the good health clause and the incontestability clause are made an inseparable part of the same contract, and as I read the argument in the defendant's brief there is the concession that in such an instance the contract of insurance becomes fully effective and the incontestability clause fully operative.

Therefore, it is my view that as the application and the policy are indissolubly linked together as a single agreement and contract of insurance, that the premise upon which the defendant proceeds is a wholly unstable one, and that the defendant is,

under the incontestability clause, conclusively precluded from disclaiming liability upon the aforementioned ground. In my opinion, the defendant's position is entirely lacking in merit. There was, therefore, no triable issue presented and the plaintiff was entitled to summary judgment.

The order should be reversed, the motion for summary judgment granted and judgment directed for plaintiff as claimed in the summons.

HAMMER and McLAUGHLIN, JJ., concur in memorandum *Per Curiam;* EDER, J., dissents in opinion.

Order affirmed.