DUNN v. NEW AMSTERDAM CASUALTY CO.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

1. DEATH (§ 5*)—CAUSE OF DEATH—PRESUMPTION OF SURVIVORSHIP.

Where two or more persons meet death in a common disaster, there is no presumption either of survivorship or simultaneous death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 7; Dec. Dig. § 5;* Descent and Distribution, Cent. Dig. § 14.]

2. INSURANCE (§ 585*)—CASUALTY INSURANCE—BENEFICIARY PROVISION.

Language of a casualty insurance policy declaring that the indemnity for loss of life would be payable to the beneficiary named in the stub attached thereto, or, in the event of the beneficiary's prior death, or of a failure of beneficiary, to the legal representatives of the assured, should be construed as the language of the assured, and not of the insurance company and in the same manner as a testamentary provision.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461–1468; Dec. Dig. § 585.*]

3. INSURANCE (§§ 586, 646*)—CASUALTY INSURANCE—RIGHTS OF BENEFICIARY —VESTED INTEREST—DEATH IN COMMON DISASTER.

A casualty insurance policy provided that the indemnity should be paid to the beneficiary named in the stub attached thereto, or, in the event of her "prior death," or in the event that no beneficiary was named in the stub, then to the legal representatives of the assured. Held, that the beneficiary under such provision should not be regarded as taking a vested interest in the policy; the burden being on the beneficiary's representatives to show that she survived the assured; and hence, where both the beneficiary and assured died in a common disaster and there was no proof of survivorship, the proceeds of the policy passed to the representatives of the assured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. §§ 586, 646.*]

4. INSURANCE (§ 452*)—CASUALTY INSURANCE—CONVEYANCE BY COMMON CARRIER FOR PASSENGER SERVICE.

Where assured met death in a steamboat accident while the boat was being chartered for an excursion for a lump sum, the injuries were sustained by assured while actually riding as a passenger, within an accident policy, in a place regularly provided for transportation of passengers in a steamboat furnished by a common carrier for passenger service only.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1164, 1173, 1174; Dec. Dig. § 452.*]

Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by Harry Dunn, as administrator of Julia Dunn, deceased, against the New Amsterdam Casualty Company. From a judgment of the City Court dismissing plaintiff's complaint, affirmed by the Appellate Term (67 Misc. Rep. 109, 121 N. Y. Supp. 686), plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry C. Burnstine, for appellant.
Carl Schurz Petrasch, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J.   This is an action by the administrator of Julia Dunn, deceased, on a policy of accident insurance issued by the defendant to the deceased.   The policy provided:

"The indemnity for loss of life shall be payable to the beneficiary named in the stub attached hereto, or in the event of the prior death of such beneficiary, or in the event that no beneficiary is named in the said stub as herein provided, then to the legal representatives of the assured."

The assured's sister, Mary Hagenbucher, was named as the beneficiary in the stub.   Both the assured and the said beneficiary perished in what is known as the "Slocum disaster," the accidental burning of the steamboat General Slocum, and survivorship was unascertainable.

In the case of the death of two or more persons in a common disaster, there is no presumption either of survivorship or simultaneous death.   Newell v. Nichols, 75 N. Y. 78, 31 Am. Rep. 424.   Before attempting to apply that rule, however, it is necessary to construe the contract.   Although the language of the clause in question was in fact the language of the defendant, as it was a part of its printed form of contract, we think it is to be construed as the language of the assured.   That particular form of policy was accepted by the assured, who thereby adopted as her own the language of the clause providing for the disposition of the money to become due under it.   The assured alone was interested in that question.

It is not easy to perceive why a different rule of construction should be applied to the clause of a life insurance policy providing for the disposition of the money to become due under it from that applicable to a testamentary disposition, where both have the same object; i. e., provision for those who are the natural objects of the assured's or the testator's bounty.   The mere fact that one instrument is a will and the other a contract appears to us to be of little consequence.   In the one case the intention of the testator, in the other the intention of the insured, is paramount.   The insurer has no interest in the matter, except to have the provisions definite enough for its protection.   It is obvious that the policy in question was not taken out for the benefit of the personal representatives of the beneficiary named.   They were not in the mind either of the insured or of the insurer.   Upon its face the policy was procured for the benefit, first, of the assured's sister; second, of the assured's estate or next of kin.   The indemnity was made payable to the sister, or, in the event of her prior death, to the legal representatives of the assured.   Phraseology is important only to determine the intention, which in this case was that the indemnity should be paid to the sister, if living, otherwise to the legal representatives of the assured.   And that purpose could not have been made more manifest if that language had been employed.   The survivorship of the sister, then, was a condition of her taking, and it begs the question to say that she took a vested interest subject to being divested by her prior death.   No doubt the law is that, in the absence of a reservation of the right to change a beneficiary, that may not be done by the assured.   But the cases on that head have no application whatever to the question now being considered.   Here the beneficiary named was not to take at all events, but only in case she survived the assured.

And the case is therefore in principle precisely like the cases of fraternal or mutual benefit insurance, in which the right to change the beneficiary is expressly reserved, and in which it has been uniformly held, as is conceded by the respondent, in this and other jurisdictions, that those claiming under the beneficiary named must prove survivorship. Southwell v. Gray, 35 Misc. Rep. 740, 72 N. Y. Supp. 342, is a well-considered case of the class referred to. In that class of cases the beneficiary named takes if no change is made. In this case the beneficiary first named was to take if living.

If the parties to this contract of insurance intended what seems to us to be manifest—i. e., that the indemnity should be paid to the sister if living, and, if not, to the legal representatives of the assured —it would seem to follow as of course that, the fact of survivorship being unascertainable, the indemnity would go to the representatives of the assured within the principle of Newell v. Nichols, supra, and Young Women's Christian Home v. French, 187 U. S. 401, 23 Sup. Ct. 184, 47 L. Ed. 233, not upon any presumption, either of survivorship or of simultaneous death, but, because the fact being unascertainable, those claiming through the survivorship of the sister could not establish it.

In St. John v. Andrew's Institute, 191 N. Y. 254–275, 83 N. E. 981, 986, 987, Chase, J., speaking for the court, said:

"It has frequently been held in contracts relating to insurance and other matters where a certain result is to follow in case of one beneficiary dying before the insured or promisor that in case of a death of the insured or promisor and the beneficiary at the same time that the result will follow, and that dying at the same time is equivalent to dying before."

While that statement, as applied to insurance contracts, is dictum, it is supported by the cases cited by Judge Chase, including Southwell v. Gray, supra, and Fuller v. Linzee, 135 Mass. 468, upon which we particularly rely. In the latter case a policy of life insurance was issued upon the life of a husband, which recited the payment of premiums by the wife, who was styled the "assured," and in which the company agreed "with the assured" to pay the sum insured to the wife "or assigns," and which contained the further provision that, in case "the assured should die before" her husband, "the amount of this insurance" should be payable to their children. It appeared that the policy was in fact secured and the premiums paid by the husband. The wife, husband, and children all died in a common disaster, and it was held that the representatives of the husband were entitled to the insurance. It is true that a doubt was expressed as to what would have been the construction of the contract in case it had been shown that the children survived both parents. But it seems to us that the case for the representatives of the children, their survivorship being shown, would have been even stronger than was the case of the representatives of the husband. That case was probably overruled in Millard v. Brayton, 177 Mass. 533, 59 N. E. 436, 52 L. R. A. 117, 83 Am. St. Rep. 294, but upon the point that the contract was to be construed as having been made with the wife.

Our attention is called to two conflicting decisions of other juris-

dictions, which are exactly in point upon the construction of the contract which we have adopted, viz., Hildenbrandt v. Ames, 27 Tex. Civ. App. 377, 66 S. W. 128, and United States Casualty Company v. Kacer, 169 Mo. 301, 69 S. W. 370, 58 L. R. A. 436, 92 Am. St. Rep. 641. The former supports our view. In the latter the indemnity was made payable to the insured's "daughter, if surviving, if not, to the legal representatives of the insured," and it was. held that the daughter took a vested interest subject to being divested by the happening of a condition subsequent—i. e., her prior death—and that the burden was therefore upon the representatives of the insured to prove the latter's survivorship. We are unable, however, to follow the reasoning, which led to the conclusion that under such a clause the beneficiary took a vested interest. By the terms of the policy the beneficiary was to take only in case she survived the insured. We construe the policy in question to mean the same thing. In such a case the burden to prove survivorship of the beneficiary would rest upon those claiming under her, and, the fact being unascertainable, indemnity should go, as the parties obviously intended, to the representatives of the assured, who take under the policy, not under a survivorship.

The policy insured against injuries sustained while the assured was "actually riding as a passenger in a place regularly provided for the transportation of passengers, within a surface or elevated railroad car, steamboat or other public conveyance provided by a common carrier for passenger service only." At the time of the disaster the General Slocum was chartered by a church society for the day. The steamboat company received a lump sum for the use of the boat, and for furnishing fuel and managing and manning the boat by captain, officers, and crew. It is claimed by the respondent that the assured was not a passenger on a steamboat provided by a common carrier for the transportation of passengers only. We adopt what Mr. Justice Whitney said in the court below on this subject, viz.:

"The steamboat company is a common carrier. True this steamboat was specially chartered by an excursion party; but it was regularly provided for the transportation of passengers. It was not a freight boat and it was regularly in the business of taking similar parties to either of the two specified pleasure resorts."

The order of the Appellate Term and the judgment of the City Court should be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the plaintiff is not entitled to recover without proving that the beneficiary died prior to the death of the insured. The defendant is a casualty insurance company, and the court is not aided in the construction of its policy as in the case of fraternal and mutual beneficiary policies by any constitution or by-laws showing on certificates or policies of fraternal or mutual beneficiary associations as is commonly shown in actions that its purpose and object was to make provision for the surviving family

of the deceased member or of some member thereof.　This insurance policy is an ordinary contract made by the defendant for its own benefit pursuant to statutory authority.　In the event of the death of the insured, it agreed to pay the sum of $1,000 to the beneficiary named in the stub attached to the policy, and it has done so.　The provisions of the policy containing this obligation are as follows:

"The indemnity for loss of life shall be payable to the beneficiary named in the stub attached thereto, or in the event of the prior death of such beneficiary, or in the event that no beneficiary is named in the said stub as herein provided, then to the legal representatives of the assured."

There was no reservation of the right to change the beneficiary as in certificates or policies issued by fraternal or mutual benefit associations which has been deemed an important consideration in the construction of such policies.　Balder v. Middeke, 92 Ill. App. 227; Id., 98 Ill. App. 525, affirmed 198 Ill. 590, 64 N. E. 1002, 59 L. R. A. 653, 92 Am. St. Rep. 284; Supreme Council v. Kacer, 96 Mo. App. 93, 69 S. W. 671; Southwell v. Grey, 35 Misc. Rep. 740, 72 N. Y. Supp. 342.　No controlling authority in this jurisdiction is cited, and I find none.　The case of St. John v. Andrews, 191 N. Y. 254, 83 N. E. 981, did not involve the question.　As I read Fuller v. Linzee, 135 Mass. 468, that decision is not in point.　It was not an action against the insurance company, but a proceeding to determine who was entitled to the fund after it had been paid over by the company, and the court expressly refrained from giving an opinion with respect to who might have maintained an action against the company.　There the contract of insurance was made by a New Jersey corporation to be performed in that state, and it was construed in accordance with the statutes therefor.　A married woman took out a policy on the life of her husband under the statute which provided that at his death it should be payable to her in case she survived him, but that otherwise the insurance should go to the children.　The policy was construed as if it followed the phraseology of the statute, which, I think, clearly distinguished it from the case at bar.　Hildenbrandt v. Ames et al., 27 Tex. Civ. App. 377, 66 S. W. 128, is distinguishable on the ground that there by the express terms of the policy it was not payable to the beneficiary unless living at the time of the death of the insured, and that merely showing that they perished in a common disaster did not establish her survivorship or entitle her administratrix to recover.　There is no presumption of survivorship between persons who die in a common disaster in the absence of evidence other than sex, age, or health tending to show survivorship; but for the purpose of settling rights to property it is presumed in such circumstances that they all died at the same time. St. John v. Andrews, supra; Y. W. C. H. v. French, 187 U. S. 401, 23 Sup. Ct. 184, 47 L. Ed. 233.　According to the terms of the policy, if the insured and the beneficiary perished at the same instant of time, I think the beneficiary took, for it is only in the case of the prior death of the beneficiary that the legal representatives of the assured were to take.　There was here the moment the policy was issued a vested interest in the beneficiary which could be divested only by her death prior to the death of the insured (Bank v. Hume, 128 U. S. 195, 9

Sup. Ct. 41, 32 L. Ed. 370; Garner v. Germania Life Ins. Co., 110 N. Y. 266, 18 N. E. 130, 1 L. R. A. 256; Fowler v. Butterfly, 78 N. Y. 68, 34 Am. Rep. 507), and the burden of proof of that point was on the plaintiff, who is the legal representative of the insured, and whose right is dependent, for it is so conditioned, on the death of the beneficiary during the lifetime of the insured (U. S. Casualty Co. v. Kacer, 169 Mo. 301, 69 S. W. 370, 58 L. R. A. 436, 92 Am. St. Rep. 641; Cowman v. Rogers, 73 Md. 406, 21 Atl. 64, 10 L. R. A. 550). See, also, Young Women's Christian Home v. French, supra.

I therefore dissent, and vote to affirm the determination of the Appellate Term.