Prudential Insurance Company of America, Appellee, v. Arvel Spain, Administrator of Estate of Roy W. Spain, Deceased, Appellant.

Term No. 49019.

Opinion filed January 19, 1950.
Released for publication February 20, 1950.

WILMER L. VOGT, of Belleville, for appellant.

JOHN J. DRISCOLL, of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by Arvel Spain, administrator of estate of Roy W. Spain, deceased, from orders of the circuit court of St. Clair county, Illinois, by which orders Elizabeth Gibbs, administratrix of the estate of Marie Spain, deceased, and Illinois State Trust Company, a corporation, administrator of estate of Marie Spain, deceased, were found to be entitled to the proceeds of four life insurance policies issued by The Prudential Insurance Company of America. Two of these policies were upon the life of Roy W. Spain, and the other two were upon the life of his wife, Marie Spain. The wife was named as beneficiary of the husband's policies, and the husband was named as beneficiary of the wife's policies. After the deaths of Roy W. Spain and Marie Spain, The Prudential Insurance Company of America, the plaintiff herein, filed an interpleader suit making the administrators of the respective estates of Roy W. Spain and Marie Spain, parties defendant thereto, and after the issues were made up by the pleadings in said interpleader suit the cause came on for hearing before the court, without the intervention of a jury, and after a hearing in said cause the court by his order and finding declared the proceeds of said four insurance policies to be the property of Elizabeth Gibbs, administratrix of the estate of Marie Spain, deceased, and shortly after making said finding the Illinois State Trust Company, a corporation, having been appointed administrator of the estate of Marie Spain, deceased (the former adminis-

478

tratrix having resigned), the court by its subsequent order found the new administrator of the estate of Marie Spain, deceased, entitled to the proceeds of said four policies.

The factual situation giving rise to this litigation discloses that Roy W. Spain and Marie Spain met their deaths on the early morning of March 15, 1948, when a car driven by Roy W. Spain, in which his wife, Marie Spain, was riding with him as a passenger, struck an Alton & Southern Railroad freight train in St. Clair county, Illinois, just beyond the city limits of the city of East St. Louis. The appellant herein contends that this is a case that falls within the provisions of par. 192.1, sec. 41a, ch. 3, 1949 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 110.289 (1)], which provides, "Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as otherwise provided in this Article." Said appellant further contends that insurance policies being involved the law as set forth in chapter 3, 1949 Illinois Revised Statutes, par. 192.4, sec. 41d [Jones Ill. Stats. Ann. 110.289 (4)], is applicable, *viz:* "Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policies shall be distributed as if the insured had survived the beneficiary."

The evidence offered in behalf of the estate of Marie Spain to establish survivorship consists of the testimony of three witnesses, all members of the train crew of the train which was struck by the automobile driven by the husband of Marie Spain. An examination of that evidence discloses that Malcolm Purcell, a switchman on the train, testified that after he noticed that

something was wrong he set the brakes on the train and went back from the caboose in which he was riding, to the automobile, a distance of approximately 100 to 200 feet. This witness testified that when he got back to the automobile he took hold of the left wrist of Roy W. Spain and could not feel a pulsebeat and that he could not hear Roy W. Spain breathing or making any other noise, and from those circumstances he formed the opinion that Roy W. Spain was dead. This witness further testified that at the time he was examining Roy W. Spain he heard Marie Spain groan, and from that fact he formed an opinion that she was then still alive. It would appear that several minutes intervened between the time of the actual impact between the train and the car driven by Roy W. Spain, and the time the witness Purcell examined the body of Roy W. Spain.

Ernest Jennings, a switchman on the train, when called to testify, stated he walked from the engine of the train where he was riding at the time the train stopped, some thirty-seven car lengths to the rear of the train, a distance of approximately 500 feet, and while walking along the train he examined the cars, and that he walked the distance from the caboose to the automobile, and that the total length of time from the time he left the engine and got to the end of the train was approximately ten or twelve minutes. He further testified he shined the light of his lantern on the faces of both Roy W. Spain and Marie Spain, and formed an opinion from the appearance of Roy W. Spain, based upon his having previously seen dead people, that Roy W. Spain was dead; and that he observed Marie Spain move her head several inches to the left, and then back again several inches to the right, and then back, and that he immediately put his hand along her neck on the right side and felt her pulse beat twice, and that from these facts he formed the opinion that she was still alive.

480

Walter Morris, a switchman on the train, testified he walked back to the automobile with Mr. Jennings, but he did not make an examination of either party in the automobile.

In opposition to this evidence offered on behalf of the administratrix of the estate of Marie Spain, the administrator of the estate of Roy W. Spain called as witnesses, Phillip Ogdon, an embalmer who embalmed both of the bodies, and the witness Ogdon testified both of them had sustained severe injuries. In addition thereto this defendant presented the testimony of Dr. E. G. Dewein, a physician and surgeon, who testified in response to a hypothetical question that, it was impossible for a person definitely, finally and conclusively to determine that a party was dead, except by the absence of continued and uninterrupted succession of heartbeats which can only be determined by the use of the stethoscope, an instrument used by putting it to your ears and placing it to the patient's chest; that in his opinion death could not be established by observation; and that a person could be alive and still exhibit no visible signs of being alive—the nervous system being temporarily out of commission due to shock or unconsciousness.

The defendant, Arvel Spain, administrator of the estate of Roy W. Spain, deceased, contends on this appeal that the finding and order of the trial court should be reversed for the reason that there is no "sufficient evidence" that Roy W. Spain and Marie Spain died other than simultaneously, and that the findings, decrees, and judgments are contrary to the law applicable to this case, and that the court erred in finding that the greater weight and preponderance of the evidence was that Roy W. Spain died, leaving Marie Spain surviving him, and that there is no sufficient legal and competent evidence to prove that Roy W. Spain died prior to his wife, Marie Spain, and

there is no legal and competent evidence that the administratrix of the estate of Marie Spain is entitled to the proceeds of the four policies of insurance.

On this appeal great stress is placed upon the significance of the words ''sufficient evidence'' as they are used in the sections of the statute hereinbefore referred to and which are set out in detail, appellant contending that the words ''sufficient evidence'' mean that amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt. We do not know of an instance in which the legal significance of these words has been passed upon since the enactment of the statutes in question, but we are not disposed to hold that said words require that degree of proof contended for by appellant. This being a civil action we believe that a reasonable construction to be applied to said words and the amount of proof required to satisfy them means that proof would necessarily have to be by a preponderance of the evidence. It is not necessary in a civil action to prove any fact, except by a preponderance of the evidence (*Mitchell v. Hindman,* 150 Ill. 538). The statutes under consideration in no way change the rules of evidence. Our courts have said that a requirement of proof that ''satisfies'' is too exacting as it may be taken to mean proof beyond a reasonable doubt, and requires more than a preponderance (*Sonneman v. Mertz,* 221 Ill. 362).

Appellant also contends that the opinion expressed by the doctor called to testify in this case should be all-inclusive and controlling, and that opinion of lay witnesses loses its significance when compared to that of experts. In civil cases, death, like any other fact, must be proven by competent evidence in accordance with the established rules of evidence. Opinion evidence has been commonly accepted by the Illinois courts in cases involving proof of mental ca-

pacity, state of health, intoxication, and other facts, which are commonly arrived at from observation, and we know of no ruling which disqualifies a witness from giving his opinion as to instantaneous conclusions arrived at from the use of his senses and faculties, particularly where the subject matter of proof is something within the common knowledge of mankind (*Austin v. Austin,* 260 Ill. 299, 316). The evidence by the lay witnesses and by the expert was competent evidence for the purpose offered and its weight was a question for the court. We believe the evidence offered to prove that Marie Spain survived her husband was competent evidence and the question of its weight was a matter, of course, for the consideration of the court and for his determination.

██ This case having been tried by the court without the intervention of a jury, we do not have the right to reverse same upon appeal, unless the evidence discloses that the party prevailing has failed to make a prima facie case, or unless the decision of the trial court before whom this matter was heard is clearly and manifestly against the weight of the evidence (*Olin Industries v. Industrial Commission,* 394 Ill. 202). We are of the opinion, and so hold, that the court could well have determined from the evidence produced on the hearing of this cause that the administratrix of the estate of Marie Spain, deceased, had met the burden of proof imposed upon her under the law to sustain the decision of the trial court in her favor, and that said order and judgment is not clearly and manifestly against the weight of the evidence, but has abundant support therein.

The judgment and order of the circuit court of St. Clair county, is hereby affirmed.

*Judgment affirmed.*

BARDENS, P. J., and SCHEINEMAN, J., concur.