William J. Regan, S.
This is a proceeding to determine the rights of inheritance and distribution of particular assets passing under either or both of the above estates. The issues herein have arisen by reason of the murder of the decedent, Marian Bobula, by her husband, John Bobula, and the death of John Bobula by suicide.
*746 A decision has previously been rendered by this court whereby it was determined that John Bobula and Marian Bobula, his wife, died on August 28, 1964 simultaneously.
The attorneys, in behalf of all the parties and the representatives of the respective estates, have entered into an agreement wherein and .whereby the fact of the murder-suicide was stipulated and the assets of both estates were agreed to be as listed in Items 1 through 10, inclusive, of the stipulation agreement filed with this court.
The basic rule that a wrongdoer shall not profit by his own crime is accepted by all the parties and counsel in this proceeding. Such rule, of course, extends to the distributees or legatees of the wrongdoer. It is accordingly conceded by all interested parties that the estate of John Bobula, deceased, shall not share in any of the assets that belonged exclusively to Marian Bobula at the time of her death. No claim, therefore, is made by the estate of John Bobula to those assets listed under numbers seven, eight, nine and ten of the agreement filed herein, and these particular assets shall be distributed in accordance with the will of Marian Bobula, deceased.
As concerns the assets listed under numbers one, two and three, this court is satisfied that these are assets of the John Bobula estate and shall be distributed according to the terms of his last will and testament, bearing in mind, of course, the determination of 'Simultaneous death. To rule otherwise would be to cause a forfeiture of the decedent’s, John Bobula’s personal estate. Certainly it was never intended by the Legislature that any person under these circumstances should forfeit his own personal property.
As concerns the United States Savings Bonds, this court agrees that distribution shall be effected in accordance with the Treasury Department Regulations, and the manner of such distribution shall be incorporated in the decree.
The more troublesome issues herein involved are concerned with the life insurance policy and the joint bank account.
Counsel for the Marian Bobula estate argues that to apply section 89 of the Decedent Estate Law would be contrary to public policy and would in effect permit the wrongdoer or his estate to profit by his crime. Several cases are cited in support of this contention, the leading case of which is Riggs v. Palmer (115 N. Y. 506). The distinguishing feature in these cases is that the crime of murder is motivated by a desire to profit materially and financially by reason of the victim’s death.
The underlying circumstances of the factual situation herein presented are not .such as to satisfy this court that the crime *747 committed by John Bobula was motivated by a desire to personally profit, or to permit his estate to profit, by his wrong. It,is accordingly the decision of this court that the proceeds of the life insurance policy listed as Item No. 4 of the stipulation agreement shall pass under the estate of John Bobula, deceased, as prescribed by section 89 of the Decedent Estate Law.
Counsel for the John Bobula estate contend that the proceeds of the joint savings account, except for $1,000, should be retained in said estate, it being agreed that the initial deposits were made by John Bobula only. The ease of Bierbrauer v. Moran (244 App. Div. 87) is distinguished from the case at bar in that the account in the Moran case contained no provision as to survivorship and was not in fact a joint account. The facts in Matter of Otte (15 A D 2d 819) are also to he distinguished from the matter before this court in that the decision in the Otte case dealt with funds withdrawn from the account prior to death.
This court accordingly decides that Item No. 6 constitutes a joint savings account to be distributed in accordance with the provisions of subdivision 3 of section 89 of the Decedent Estate Law: “Where there is no sufficient evidence that two joint
tenants or tenants by the entirety have died otherwise than simultaneously the property so held shall be distributed one-half as if one had survived and one-half as if the other had survived. ’ ’