Harry Gr. Herman, S.
The executors herein appeal from the pro forma order of this court, dated March 29, 1963 (referred to incorrectly in the notice of appeal as March 28, 1963), fixing the estate tax in the sum of $67,973.12.
This court has previously determined that the decedent and her husband died at sea on or about January 3, 1958 (Matter of Conover, 13 Misc 2d 731; Matter of Conover, N. Y. L. J., July 23, 1958, p. 7, col. 4). No determination was made as to who, if either, was the survivor. Moreover, counsel now concede that there is no proof available as to survivorship.
The executors urge that it was error to include in this decedent’s taxable estate the appraised value ($162,887.50) of the corpus of an inter vivos trust created by her husband on December 30, 1936 for her benefit (Tax Law, § 249-r). Under the terms of the trust indenture, on the death of the settlor, Harvey Conover, who was also the trustee, the trust terminated, and the trust corpus and any undistributed income were directed to be paid “to my said wife, to be her own absolutely and forever. In the event my said wife shall die prior to the termination of the trust, the trust shall continue until the death of the Trustee aforesaid for the benefit of such person or persons as my said wife may by Will appoint, or if she dies intestate the said trust shall continue until my death for the benefit of her heirs * * * And upon my death, in the event my *338 said wife shall have predeceased me, the corpus of said trust, together with any undistributed income thereof, shall be transferred * * * to such person or persons as my said wife shall by Will appoint or, if she dies intestate, to her heirs
Section 89 of the Decedent Estate Law, the Uniform Simultaneous Death Act, enacted by chapter 479 of the Laws of 1943, effective September 1,1943, is not applicable, since, by its terms, it does not apply to the disposition of property passing under an instrument, other than a will, executed before its effective date. Therefore, the pre-existing common law of the State of New York is applicable.
The common-law rule is that ‘ ‘ In case of the death of two or more persons in a common disaster, there is no presumption either of survivorship or simultaneous death.” (McGowin v. Menken, 223 N. Y. 509, 511.)
As Chief Judge Church said in Newell v. Nichols (75 N. Y. 78, 89-91): “ in the absence of other evidence the fact [of survivorship] is assumed to be unascertainable, and property rights are disposed of as if death occurred at the same time. This is done not because the fact Is proved, or that there is any presumption to that effect, but because there is no evidence, and no presumption to the contrary # * * All the common law authorities are substantially the same way, and the rule, which I think is wise and safe, should be regarded as settled.”
The trust instrument did not expressly or by implication impose survivorship as a condition precedent to the wife’s taking, unlike the instruments construed in McGowin v. Menken (supra,); Matter of Valverde (148 Misc. 49, 51, affd. on reargument 148 Misc. 347, affd. 242 App. Div. 653, affd. 266 N. Y. 620); Matter of Englebirt (184 App. Div. 314); and Matter of Macklin (177 Misc. 432). Those eases are distinguishable from the case at bar, since the beneficiary therein could take only if his survivorship of the insured could be proved. Matter of Hammer (101 Misc. 351, 352) is likewise distinguishable. There, the proceeds of the policy were payable to the insured; his wife could take only if his prior death could be proved.
It is clear that under the terms of the trust instrument the trust corpus and undistributed income were bequeathed on the death of the settlor to the wife “ absolutely and forever ”. The ivife’s remainder interest vested on the 'execution of the trust instrument (Robb v. Washington & Jefferson Coll., 185 N. Y. 485, 493), subject to divestment only if the wife predeceased the settlor. Hence, there is no burden upon the State Tax Commission to prove that the wife survived the settlor in order that the trust corpus be includible in her estate.
*339 There is no proof that the wife predeceased the settlor. Since under the common-law rule property rights are disposed of as if death occurred at the same time (Newell v. Nichols, supra; St. John v. Andrews Inst., 191 N. Y. 254, 272, mot. to amend remittitur granted 192 N. Y. 382, mot. for reargument den. 192 N. Y. 582, writ of error dismissed sub nom. Smithsonian Inst. v. St. John, 214 U. S. 19), the interest of the wife, which could be divested only if she predeceased the settlor, was not divested by their common deaths (cf. Matter of Cava, 174 Misc. 750).
In St. John v. Andrews Inst, (supra) the husband’s will created a trust for his wife during her lifetime with remainders over on her death. Since a will speaks only at the death of the testator, the wife would have had to survive the testator to take under the will. Thus under the common-law rule as to disposition of property when deaths occur in a common disaster the wife’s estate could not take under the husband’s will (Conway and Bertsche, The New York Simultaneous Death Law, 13 Ford-ham L. Rev. 17, 24). Young Women’s Christian Home v. French (187 U. S. 401) reaches a similar result on a similar set of facts.
In Dunn v. New Amsterdam Cas. Co. (141 App. Div. 478, 479, 480) where the proceeds of the insurance policy were payable to the beneficiary (the insured’s sister) “ or in the event of the prior death of such beneficiary ’ ’ to the legal representatives of the insured, and where the beneficiary and the insured died in a joint disaster, the court held that payment should be made to the estate of the insured, even though there was no proof of the prior death of the beneficiary, stating: “Phraseology is important only to determine the intention, which in this case was, that the indemnity should be paid to the sister if living, otherwise to the legal representatives of the assured. And that purpose could not have been made,more manifest if that language had been employed. The survivorship of the sister, then, was a condition of her taking, and it begs the question to say that she took a vested interest subject to being divested by her prior death.”
Dunn v. New Amsterdam Cas. Co. (supra) was cited with approval in Matter of Burza (155 Misc. 44, 47-48) where the court reached a like result, and also in Morgan v. Sackett (172 Misc. 855, 856).
The reasoning in Dunn v. New Amsterdam Cas. Co. (supra) was criticized by Surrogate Wingate of Kings County in Matter of Valverde (148 Misc. 49, 51-52, supra) who agreed with the dissent in the Dunn case. Surrogate Wingate arrived at the same result as in Dunn but on other grounds not present in the instant case. The Appellate Division, Second Department, how *340 ever, in affirming the decree in the Valverde case, commented (242 App. Div. 653) “We agree with the conclusions reached by the learned surrogate without fully concurring in the reasoning of the opinions. We affirm on the authority of Dunn v. New Amsterdam Casualty Co. (141 App. Div. 478) ”.
The Court of Appeals affirmed without opinion (266 N. Y. 620).
In a latter case, Matter of Cava (supra) the insured was the husband and the beneficiary was the wife and both died simultaneously as a result of a stroke of lightning, and the policy read (174 Misc. 750, 751): “ In the event of the death of any Beneficiary before the Insured the interest of such Beneficiary shall vest in the Insured unless otherwise provided herein or endorsed hereon.”
The claimant there urged that the proceeds of the policy belonged to the estate of the husband, relying on the Dunn case. Surrogate Wingate held that the proceeds of the policy were payable to the wife subject to being divested if it could be demonstrated that she had died before the insured; that no proof was available; and that the proceeds belonged to the estate of the wife.
In the instant case the executors rely on the Dunn v. New Amsterdam Cas. Co. (supra) which the Appellate Division, Second Department, cited with approval in Matter of Valverde (supra). But those cases involved the proceeds of insurance policies and are therefore distinguishable from the case at bar.
“ It is not until an insured dies that the proceeds of the policy come into existence.” (Conway and Bertsche, 13 Fordham L. Rev. 17, 30, supra.)
If this be so, the interest of the beneficiary is not vested, but is a mere expectancy. The New York courts have not considered the reservation of the right to change the beneficiary as important in determining upon whom rests the burden of proof as to survivorship; they have (with the exception of Matter of Cava, supra) placed it upon the personal representatives of the beneficiary without referring to such question (Conway and Bertsche, 13 Fordham L. Rev. 17, 33, supra). The insurance cases in this connection are cogently discussed in Conway and Bertsche (13 Fordham L. Rev. 17, 30-34, supra).
As noted above, in this case, which involves an inter vivos trust, the wife’s interest vested subject to divestment, upon the execution of the trust instrument. Since her interest could be divested only if she predeceased the settlor under the very terms of the instrument, and there is no proof that she did predecease the settlor, her interest in this trust was properly includible in her estate (Tax Law, § 249-r, subd. 1).
*341 There is an additional point raised by her executors; they contend that the inclusion of the wife’s interest in the trust in her gross taxable estate is foreclosed by the order of the Supreme Court, Westchester County, dated April 28, 1961, judicially settling the final account of the successor trustee of the inter vivos trust. Distribution there was not made to the estate of the wife, the decedent herein, but pursuant to alternative provisions of the trust agreement. No objections were filed in that special proceeding. The wife’s executors and all oilier parties consented to the proposed distribution and no decision was written by the court. The State Tax Commission, which was not a party to that special proceeding, cannot be here precluded from litigating its claim to taxes. It has a right, for the purpose of fixing a tax on this estate, to include in the gross estate all which is the property of the decedent at the time of her death (Matter of Crump, 289 N. Y. 287, 291). The order of the Supreme Court is binding as between the parties in that proceeding but does not bind the State Tax Commission (cf. Matter of Knapp, 141 Misc. 540, 544), which, until this tax proceeding, has not had its day in court. Moreover, there is authority that the taxing authority is not bound by a determination in a nonadversary proceeding to which it was not a party (see Chemical Bank & Trust Co. v. Early, 67 F. Supp. 530, 542).
The jurisdiction in this court to determine this question does not come from any power to determine the effect of an inter vivos trust agreement between living persons (see Matter of Lyon, 266 N. Y. 219, 224) but from the jurisdiction to hear and determine all questions with regard to the estate tax (Tax Law, § 228).
As to this issue, the pro forma order fixing tax is affirmed.
The second determination appealed is the inclusion in this decedent’s gross taxable estate of certain United States Savings Bonds, registered in the name of Harvey Conover or Dorothy Jobson Conover, which were valued in Schedule “E” of the report of the appraiser at $50,400. It is claimed that such inclusion was error on the ground that Harvey Conover, decedent’s husband, had originally purchased all the bonds from his own separate funds (Tax Law, § 249-r, subd. 5). The latter fact is not disputed by the State Tax Commission.
The argument urged by the State Tax Commission is that ownership of the bonds, all purchased after the effective date of section 89 of the Decedent Estate Law, passes pursuant to subdivision 3 thereof (see, also, Personal Property Law, § 24).
There is authority for the proposition that ownership of property jointly held by husband and wife who die in a common *342 disaster passes entirely through the estate of the one furnishing the consideration therefor (Matter of Strong, 111 Misc. 445, 452-453; see, also, Conway and Bertsche, 13 Fordham L. Rev. 17, 27-30, supra).
What is at issue herein, however, is not the devolution of the bonds upon the death of the co-owners but whether they are taxable to this decedent. Since her husband furnished the consideration for their purchases, they are not includible in her estate (Tax Law, § 249-r, subd. 5).
As to this issue, the pro forma order fixing tax is reversed.
Settle order modifying the pro forma order fixing tax in accordance with this opinion and decision.