John D. Bennett, S.
This is a construction proceeding to determine who is entitled to the corpus of a trust created by the testatrix.
Under article “ Fourth ”, paragraph “ B ” of the decedent’s will, she created a trust for the benefit of her son, David Dows, Jr., wherein he was entitled to the income therefrom for life and one half of the principal upon reaching age 35. The remaining one half of the principal was to remain in trust for his life and upon his death to be distributed to those nominated, designated and appointed by her son and on his failure to validly and *832 effectively appoint, she directed that said principal be paid ‘ ‘ to his issue surviving at his death, their heirs and assigns absolutely and forever, in equal shares per stirpes and not per capita, or if there be no such issue then surviving to my issue surviving at the death of such son
The decedent’s son attained age 35. He had two children, David Dows, III, a son by a prior marriage, and Gwendolyn Dows, a daughter by his second wife.
David Dows, Jr., and his daughter died together in a plane crash on November 25, 1964 and all parties to these proceedings concede that there is no evidence to determine whether or not Gwendolyn survived her father.
In his last will and testament, which has been duly admitted to probate in New Jersey, David Dows, Jr., specifically provided under paragraph “ Sixth” that he did not intend to exercise any power of appointment that he may have. Accordingly the remaining one-half principal of the trust created by the decedent herein on behalf of her son is to be distributed in accordance with article “Fourth”, paragraph “ B ”, of the will of the testatrix herein.
The guardian of David Dows, III, contends that since there is no proof that his half sister survived their father, he should receive the entire principal remaining under the trust.
The administratrix for the estate of Gwendolyn Dows contends that one half of the principal remaining from the trust should be distributed to the heirs of Gwendolyn Dows. Her heirs, under New Jersey law, would be her half brother, David Dows, III, her mother, the second wife of David Dows, Jr., and two half sisters, the children of her mother by a prior marriage.
All parties agree that section 89 of the Decedent Estate Law does not apply as said statute deals only with disposition of property of those dying after September 1, 1944, and the decedent herein died July 30, 1935.
The leading case on the subject herein is Newell v. Nichols (75 N. Y. 78). (See 4 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 409, par. 2.) The court held (p. 89) that “ The rule is that the law will indulge in no presumption on the subject. It will not raise a presumption by balancing probabilities, either that there was a survivor, or who it was. * * * It is regarded as a question of fact to be proved, and evidence merely that two persons perished by such a disaster, is not deemed sufficient. If there are other circumstances shown, tending to prove survivorship, courts will then look at the whole case for the purpose of determining the question, but if only the fact *833 of death hy a common disaster appears they will not undertake to solve it on account of the nature of the question, and its inherent uncertainty.”
A person who claims that there was any survivorship must affirmatively prove same (Newell v. Nichols, supra; Matter of Gerdes, 50 Misc. 88, revd. on other grounds sub nom. Matter of McInnes, 119 App. Div. 440; St. John v. Andrews Inst., 117 App. Div. 698, mod. 191 N. Y. 254).
The administratrix for the estate of Gwendolyn Dows has not met the burden of proving that Gwendolyn survived her father. She has relied on Matter of Conover (46 Misc 2d 336); however that case involved an inter vivos trust wherein the wife’s interest was vested subject to being divested by her predeceasing the settlor. Since the wife and settlor died in a common disaster with no evidence as to who died first, the burden of proof rested with those who claimed that the wife’s interest became divested by her predeceasing the settlor. Since there are no presumptions that they died other than simultaneously, unless there is evidence to prove otherwise, it was not possible to prove that the wife predeceased her husband.
In the case before the court, the children of David Dows, Jr., were contingent remaindermen, not vested remaindermen subject to being divested (see 7 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 49, par. 10).
Article “ Fourth ”, paragraph “ B ”, gives a class gift to the surviving issue of the decedent’s son. There is only proof that David Dows, III, survived his father and accordingly he alone is entitled to the principal remaining in the trust described heretofore.
Settle decree on five days’ notice, with three additional days if service is made by mail.