ROBERT G. SMITH, executor, & others, petitioners.
ALFRED E. SMITH, administrator, *vs.* ROBERT G. SMITH,
executor, & others.

Suffolk. Berkshire. March 9, 1972. — May 5, 1972.

Present: TAURO, C.J., CUTTER, REARDON, & HENNESSEY, JJ.

*Survivorship. Uniform Simultaneous Death Law. Evidence,* Presumptions and burden of proof. *Devise and Legacy,* Survivorship. *Joint Tenants. Real Property,* Joint tenancy. *Personal Property,* Joint tenancy. *Probate Court,* Costs, Counsel fees. *Words,* "Sufficient evidence."

Upon the deaths of husband and wife, the probate judge's application of G. L. c. 190A, § 3, which determines the distribution of property held by two joint tenants or tenants by the entirety where there is "no sufficient evidence" of either's survivorship, was correct where the judge was not plainly wrong in finding on conflicting testimony that there was no such evidence. [735–737]

The words "sufficient evidence" in G. L. c. 190A, § 3, mean a preponderance of the evidence. [735–736]

A husband's executor claiming by alleged survivorship of the husband upon the deaths of him and his wife all of property which had been held by them as joint tenants or tenants by the entirety had the burden of proving that within G. L. c. 190A, § 3, there was "sufficient evidence" of the husband's survivorship. [736]

The provision of G. L. c. 190A, § 5, that that chapter shall not apply to a will establishing "a presumption as to survivorship which results in a distribution of property . . . different from that here provided" did not apply to property held by two persons as joint tenants or tenants by the entirety, which passes by operation of law and not under a will, and the fact that upon their deaths one of them left a will establishing such a presumption did not preclude distribution of such property in accordance with § 3. [737–738]

An award of counsel fees and costs to be paid from a husband's estate to the administrator of his wife's estate who successfully claimed that property held by the husband and wife as joint tenants or tenants by the entirety should be distributed in accordance with G. L. c. 190A, § 3, was not an abuse of the probate judge's discretion under G. L. c. 215, § 45. [738]

PETITION IN EQUITY filed in the Probate Court for the county of Berkshire on November 20, 1969.

The suit was heard by *Hanlon, J.*

PETITION filed in the Supreme Judicial Court for the county of Suffolk on April 7, 1971.

The petition was heard by *Spiegel*, J.

The case was submitted on briefs.

*Edmond M. Trespacz* for Robert G. Smith, executor, & others.

*William Boraski* for Alfred E. Smith, administrator.

TAURO, C.J.   On January 2, 1969, Leroy M. Haley and Anna E. Haley, husband and wife, died as the result of carbon monoxide asphyxiation.   They were found dead in their garage, in an automobile with its engine running.   Mrs. Haley died intestate; Mr. Haley, however, left a will which was filed for probate on February 3, 1969, and allowed on August 6, 1969.

Alfred E. Smith as administrator of the estate of Anna E. Haley brought this petition in equity against the devisees and legatees under the will of Leroy Haley and the executor, Robert G. Smith.   The petition alleges that the decedents died under such circumstances that "it is impossible to determine that they died other than simultaneously."   The petition prays "that all of the real estate and personal property held by the said Anna E. Haley and Leroy M. Haley as joint tenants or tenants by the entirety, be distributed one-half as if one survived and one-half as if the other survived."

In their "Answer and Counterclaim," the respondents allege that "Anna E. Haley predeceased Leroy M. Haley"; and that the "Estate of Anna E. Haley contains no assets."

Medical testimony was presented by both the petitioner and the respondents, and the probate judge found "that there was no[t] sufficient evidence that Mr. and Mrs. Haley died otherwise than simultaneously."   The final decree ordered that "all of the real estate and personal property held by the two decedents . . . as joint tenants or tenants by the entirety, be distributed one-half as if said Anna E. Haley survived and one-half as if said Leroy M. Haley survived."   In addition, $2,000

for counsel fees and $341.55 for costs were granted to the petitioner to be paid out of the estate of Leroy M. Haley. The respondents seasonably appealed but failed to file on time an order for preparation of papers. On motion of the petitioner the Probate Court dismissed the appeal. By order of a single justice of the Supreme Judicial Court, the respondents were permitted to appeal late and to file an order for preparation of the record. The respondents then proceeded in accordance with G. L. c. 231, § 135, and entered the appeal in the Supreme Judicial Court. The petitioner appealed from the decree of the single justice.

The respondents' petition in the county court, although setting forth incorrect statutory procedure, was nevertheless properly before the single justice.[1] "There is no report of the proceedings before the single justice, and no findings by him. In the circumstances the . . . decree is conclusive." *Bosanquet, petitioner,* 357 Mass. 773. *Home Ins. Co., petitioner,* 357 Mass. 769.

There is no merit to the respondents' contention that the probate judge's finding as to simultaneous death was plainly wrong. The relevant provisions of G. L. c. 190A, § 3, inserted by St. 1941, c. 549, § 1, state: "Where there is no sufficient evidence that two joint tenants or tenants by the entirety have died otherwise than simultaneously the property so held shall be distributed one half as if one had survived and one half as if the other survived." No presumption is created by the statute, and it is applicable where there is "no sufficient evidence" of survivorship. *Schmitt* v. *Pierce,* 344 S. W. 2d 120, 123 (Mo.). *Matter of Estate of DiBella,* 199 Misc. (N. Y) 847, 851, affd. 279 App. Div. (N. Y.) 689. The words "sufficient evidence" as used in the statute have been construed to mean proof by a preponderance of the evidence.[2] *Pru-*

---

[1] The respondents should have proceeded under G. L. c. 211, § 11.

[2] Other definitions are substantial evidence (*Schmidt* v. *Pierce,* 344 S. W. 2d 120, 123 [Mo.], and evidence which satisfies an unprejudiced mind (*In re Estate of Cruson,* 189 Ore. 537, 562). See *Saligman Estate,* 13 D. & C. 2d (Pa.) 432, 435–437; 74 Montgomery County Law Reporter 287, 289–291.

*dential Ins. Co.* v. *Spain,* 339 Ill. App. 476, 482. *In re Estate of Adams* v. *Janes,* 348 Ill. App. 115, 121. *In re Estate of Pyke,* 199 Kans. 1, 7. *Matter of Estate of DiBella, supra,* at 851. See *Robson* v. *Lyford,* 228 Mass. 318. This is the standard required in civil cases in Massachusetts. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54, 59. *Cereghino* v. *Giannone,* 247 Mass. 319, 323. See *Mishara* v. *Albion,* 341 Mass. 652, 655. See *In re Estate of Adams* v. *Janes supra,* at 121.

Both decedents were dead when their bodies were discovered. The burden of proof is on the party whose claim is dependent on survivorship. *Estate of Rowley,* 257 Cal. App. 2d 324, 333. *In re Estate of Cruson,* 189 Ore. 537, 562. *Matter of Estate of Spatafora,* 35 Misc. 2d (N. Y.) 128, 129. *Matter of Estate of Bucci,* 57 Misc. 2d (N. Y.) 1001, 1002. The only expert testimony on the issue of survivorship was by the medical examiner and the respondents' expert. The medical examiner on behalf of the petitioner testified that: "It is my opinion that no one can determine the time of death precisely of each of these individuals, or either of them precisely." He further testified that he had "no opinion as to which one survived the other." The respondents' expert testified that it was his opinion that Mrs. Haley died before Mr. Haley. He stated: "I would place my emphasis more on her poor physical state and unstable circulatory system, plus a state of depression as being factor in hastening her death as opposed to Mr. Haley."

Survivorship is "a fact to be proved by direct evidence or by inference from the circumstances . . . . There [is] no presumption that any victim . . . survived any other, based on age, sex or physical condition, though such facts, so far as material, were to be considered in connection with the other circumstances . . . ." *Schaefer* v. *Holmes,* 277 Mass. 468, 470.

The respondents' evidence was insufficient to require a finding that the daths were other than simultaneous. *In re Estate of Adams* v. *Janes,* 348 Ill. App. 2d 115. See *Matter of Estate of DiBella,* 199 Misc. (N. Y.) 847. This

court will "not reverse findings of fact made [by the judge] upon conflicting oral testimony unless convinced that they are plainly wrong." *Trade Mut. Liab. Ins. Co.* v. *Peters,* 291 Mass. 79, 84. See *Seder* v. *Gibbs,* 333 Mass. 445, 446; *Massachusetts Mut. Life Ins. Co.* v. *Massachusetts Life Ins. Co.* 356 Mass. 287, 288.

The respondents further contend that G. L. c. 190A, § 5,[3] is applicable here. The will of Leroy Haley provided that in the event of a common accident it was to be presumed that his wife predeceased him.[4] This provision, however, has no application as to the joint properties of the two. The husband only had the power of disposition over properties which he solely owned, and he had no power over property in which his wife possessed an interest. Cf. *Will of Parker,* 273 Wis. 29, 32.

Property held either by tenancy by the entirety or by joint tenancy passes to the survivor by operation of law and does not constitute a part of the decedent's estate. See generally, Lombard, Probate Law and Practice, § 456. In a tenancy by the entirety, neither the husband nor the wife can destroy the right of survivorship without the assent of the other. *Licker* v. *Gluskin,* 265 Mass. 403, 407. In *Holyoke Natl. Bank* v. *Bailey,* 273 Mass. 551, a husband died, and by his will he attempted to revoke his wife's interest in their joint bank accounts. The court stated that "the contracts could not be rescinded or modified by the mere declaration of one of the parties, by will or otherwise, without the mutual assent of the other parties in interest." P. 556. It is clear that the provision in the will does not apply to any property held

---

[3] "This chapter shall not apply to a will . . . where provision is made for a presumption as to survivorship which results in a distribution of property or in a payment different from that here provided."

[4] The pertinent provision of the will states: "Fifth: In the event that my wife and I shall die under such circumstances as shall make it doubtful which of us died first, or if, as the result of a common accident my wife shall die at approximately the same time as I do, I direct that this, my will, shall be cintrued [*sic*] and shall take effect for any and all purposes as if my wife shall have predeceased me. The decision of my executor shall be final and conclusive on any question arising under this provision."

by the decedents as tenants by the entirety or as joint tenants. The probate judge was therefore correct in ruling that the property was to be distributed under the provisions of G. L. c. 190A, § 3.

There was no error in awarding counsel fees and costs to the petitioner. "Under G. L. c. 215, § 45, in contested matters the Probate Court has the power to award costs and expenses to counsel for either of the parties, to be paid out of the estate." *Miller* v. *Miller*, 339 Mass. 262, 265. See *Lewis* v. *National Shawmut Bank*, 303 Mass. 187. Cf. *Hurley* v. *Noone*, 347 Mass. 182. "The award of such costs generally rests in sound judicial discretion. . . . [T]he award . . . may be presumed to be right and ordinarily ought not to be disturbed." *Old Colony Trust Co.* v. *Third Universalist Soc. of Cambridge*, 285 Mass. 146, 151.

In view of what we have said we do not reach other contentions raised by the parties.

*Decrees of the single justice and*
*of the probate judge are affirmed.*