ESTATE OF LUIGI RACCA, GEORGE R. FUNARO, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2296–79.     Filed March 2, 1981.

*Jack R. Ross,* for the petitioner.
*Michael N. Balsamo,* for the respondent.

OPINION

EKMAN, *Judge:*\* Respondent determined a deficiency of $28,993.39 in petitioner's Federal estate tax. Concessions having been made by the parties, the sole issue remaining for decision is

---

\* By order of the Chief Judge dated Sept. 12, 1980, this case was reassigned from Judge Herbert L. Chabot to Judge Sheldon V. Ekman.

whether decedent's gross estate is entitled to a marital deduction of $60,565.

All of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The pertinent facts are summarized below.

George R. Funaro (hereinafter petitioner) is the duly qualified and acting executor of the Estate of Luigi Racca, deceased. Petitioner as executor filed a Federal estate tax return on February 11, 1976, with the District Director of Internal Revenue, New York, N.Y. The legal residence of petitioner at the time the petition was filed was New York, N.Y.

The Will of Luigi Racca was executed and probated in the State of New York. The parties agree that to the extent reference need be made to substantive local law in resolving the present issue, the law of the State of New York will apply, notwithstanding the applicability of any conflict of law provisions.

Luigi Racca (hereinafter decedent) died simultaneously with his wife, Virginia, in an automobile accident in Rome, Italy, on July 27, 1975. Decedent was an American citizen.

At the time of their deaths, decedent and his wife owned jointly held property in the total amount of $121,130 consisting of various stocks and bonds and cash in a joint bank account. The said property was acquired from consideration furnished solely by decedent and no contribution was made by decedent's wife toward its purchase.

Decedent's will contained the following provision:

THIRD: In the event my wife predeceases me or in the event my wife and I die in a common disaster, or under circumstances that make it difficult, impossible or impractical to determine who died first, then in such event it shall be presumed that my wife predeceased me, and my property shall be distributed as follows * * *

One-half the value, $60,565, of the jointly held property was reported in the Federal estate tax return of decedent's wife. One-half the value, $60,565, of the jointly held property was included in decedent's Federal estate tax return.

The parties are now apparently in agreement that the entire amount of the jointly held property is includable in the gross estate of decedent. Petitioner contends that decedent's estate is

entitled to a marital deduction for one-half the total value of the jointly held property. Respondent contends that because of the provisions of article Third of decedent's will, petitioner is not entitled to a marital deduction. We agree with petitioner.

Under section 2056, a marital deduction is allowed from the gross estate in "an amount equal to the value of any interest which passes or has passed from decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." A decedent's wife must survive him in order for his estate to be entitled to a marital deduction. Sec. 20.2056(a)–1(b)(1), Estate Tax Regs. Respondent concedes that the decedent's estate is entitled to a marital deduction if the survivorship requirement is satisfied.

Section 20.2056(e)–2(e), Estate Tax Regs., provides:

(e) *Survivorship.* If the order of deaths of the decedent and his spouse cannot be established by proof, a presumption (whether supplied by local law, the decedent's will, or otherwise) that the decedent was survived by his spouse will be recognized as satisfying paragraph (b)(1) of sec. 20.2056(a)–1, but only to the extent that it has the effect of giving to the spouse an interest in property includible in her gross estate under part III of subchapter A of chapter 11. Under these circumstances, if an estate tax return is required to be filed for the estate of the decedent's spouse, the marital deduction will not be allowed in the final audit of the estate tax return of the decedent's estate with respect to any property interest which has not been finally determined to be includible in the gross estate of his spouse.

Under the law of New York, when persons die in a common disaster so that it appears their deaths were simultaneous, disposition of property is made according to the provisions of N.Y. Estate, Powers & Trusts Law, sec. 2–1.6 (McKinney 1967) (hereinafter N.Y. Est. Law). *In re Bucci's Will,* 57 Misc. 2d 1001, 293 N.Y.S.2d 994 (Broome County Surr. Ct. 1968). N.Y. Est. Law sec. 2–1.6 is a substantial adoption of the Uniform Simultaneous Death Act as enacted in most States (see 9C Uniform Laws Ann. 157–170) and provides in pertinent part:

(a) Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as otherwise provided in this section.

\*       \*       \*       \*       \*       \*       \*

(c) Where there is no sufficient evidence that two joint tenants or tenants by the entirety have died otherwise than simultaneously the property so held

shall be distributed one-half as if one had survived and one-half as if the other had survived. If there are more than two joint tenants and all of them have so died the property thus distributed shall be in the proportion that one bears to the whole number of joint tenants.

\* \* \* \* \* \* \*

(e) This section shall not apply in the case of wills, living trusts, deeds or contracts of insurance wherein a provision other than that prescribed by this section has been made for the disposition of property.

In Rev. Rul. 66–60, 1966–1 C.B. 221, as modified by Rev. Rul. 76–303, 1976–2 C.B. 266, respondent has ruled that where a decedent provided all the consideration to purchase jointly held property and he and his wife die in circumstances that make it impossible to determine the correct order of deaths, because the Uniform Simultaneous Death Act provides a presumption that the wife survived and is thus entitled to receive one-half, the tax consequences are as follows: (1) The entire value of the jointly held property is includable in his estate, (2) one-half the value is includable in the wife's estate under section 2033, and (3) the husband's gross estate is entitled to a marital deduction for one-half the value of such property.[1]

The parties agree that decedent and his wife died in circumstances under which it was difficult, if not impossible, to determine the actual order of death. Moreover, respondent concedes that had decedent's will not contained the provision for disposition on simultaneous death or had decedent died intestate, N.Y. Est. Law sec. 2–1.6(c) would have been applicable, and decedent's estate would be entitled to a marital deduction as provided in Rev. Rul. 66–60, *supra*. But respondent contends that under section 2–1.6(e), N.Y. Est. Law, the provision in decedent's will overcomes the rule of construction or presumption provided in section 2–1.6(c) of that statute and points to the Practice Commentary following N.Y. Est. Law sec. 2–1.6 to support his contention. The Practice Commentary states:

The statute was designed to provide the courts with effective "rules of construction" by which to determine rights in property that are contingent upon survivorship, where no evidence is adducible that the persons whose

---

[1]Rev. Rul. 66–60, 1966–1 C.B. 221, held that the full value of the property was includable in the husband's estate under sec. 2040; Rev. Rul. 76–303, 1976–2 C.B. 266, modified that holding by stating that one-half the value was includable under sec. 2033 and the other one-half under sec. 2040.

rights depend upon survivorship died otherwise than simultaneously. To this end, the statute creates "presumptions of survivorship" which become operative only if the *disposing instrument*, whether will, deed, living trust or contract of insurance, fails to make an express provision for the disposition of the property in the event of simultaneous death (see, paragraph (e))—a rule which is of immense importance in estate planning since a disposition to a surviving spouse may fail to qualify for marital deduction if the section is operative and, conversely, because there may be an adverse estate tax effect created by an undue enlargement of the surviving spouse's estate if the section is inoperative. [Emphasis supplied.]

However, in the case of assets jointly held, the "disposing instrument" is not decedent's will. The parties may *jointly* provide for a disposition or a presumption as to survivorship in the case of simultaneous death, e.g., in a deed for joint property signed and agreed to by both parties. But neither party may unilaterally provide by will for a disposition or presumption as to such joint property.

When joint owners die in circumstances where it is impossible or impractical to tell which survived the other, one-half the property is to be distributed to the estate of one joint owner and one-half to the estate of the other joint owner. Cf. *In re Bobula's Estate*, 45 Misc. 2d 745, 257 N.Y.S.2d 645 (Erie County Surr. Ct. 1965), revd. 25 App. Div. 2d 241, 269 N.Y.S.2d 599 (4th Dept. 1966), revd. 19 N.Y.2d 818, 227 N.E.2d 49, 280 N.Y.S.2d 152 (1967); also cf. *In re Estate of Lupka*, 56 Misc. 2d 677, 289 N.Y.S.2d 705 (Broome County Surr. Ct. 1968); N.Y. Est. Law sec. 2–1.6(c). One decedent cannot unilaterally dispose of and make presumptions as to joint property as if he were the sole owner. Despite a provision in decedent's will stating a presumption as to his survivorship in case of simultaneous death, one-half the joint property continues to be distributed as if the wife survived. *Smith v. Smith*, 361 Mass. 733, 282 N.E.2d 412 (1972).[2]

---

[2]In *Smith v. Smith*, 361 Mass. 733, 282 N.E.2d 412 (1972), the husband had the following provision in his will:

"FIFTH: In the event that my wife and I shall die under such circumstances as shall make it doubtful which of us died first, or if, as the result of a common accident my wife shall die at approximately the same time as I do, I direct that this, my will, shall be cintrued [sic] and shall take effect for any and all purposes as if my wife shall have predeceased me. The decision of my executor shall be final and conclusive on any question arising under this provision."

The Uniform Simultaneous Death Law of Massachusetts, Mass. Ann. Laws ch. 190A (Michie/Law. Co-op), is substantially the same as N.Y. Est., Powers & Trust Law, sec. 2–1.6 (McKinney 1967).

*Estate of Gordon v. Commissioner*, 70 T.C. 404 (1978), relied on by respondent, does not support his contention that a will can always provide for an effective presumption as to which of two joint owners survived in circumstances where it is difficult to determine the actual order of death. *Estate of Gordon* dealt only with whether a murder-suicide situation satisfied the requirements of section 20.2056(e)–2(e), Estate Tax Regs.[3] There is no indication that joint property was involved in that case. More importantly, however, the opinion of the Court makes it clear that the presumption in decedent's will was only operative with respect to property over which he had the power of disposition. Thus, we said at page 409:

The obvious objective in adopting these provisions was to attempt to assure that, in case their deaths occurred in a common disaster and there was doubt as to survivorship, the designated share *of Dave's property* would pass to the marital trust and Dave's estate would qualify for a marital deduction. * * * [Emphasis supplied.]

and again, at page 414:

The designated portion of *his property* passed to the marital trust, and Dave's estate is entitled to the marital deduction. [Emphasis supplied.]

and at page 415:

Nor can the Commissioner by including recitals in the notice of deficiency alter the rules governing the devolution of *Dave's property* * * * [Emphasis supplied; fn. ref. omitted.]

Respondent's reliance on *Estate of Gordon* is misplaced.

Respondent offers the opinion of the Surrogate's Court of New York in *In re Estate of Conover*, 46 Misc. 2d 336, 259 N.Y.S.2d 618 (Westchester County Surr. Ct. 1965), in support of his position that N.Y. Est. Law sec. 2–1.6 is only determinative as to devolution of property and not determinative of the estate tax consequences. We are of course aware that the interpretation of New York estate tax laws by a New York Surrogate is in

---

[3]In *Estate of Gordon v. Commissioner*, 70 T.C. 404, 407 (1978), the decedent's will provided that in circumstances where "it is doubtful which of us died first, it shall be presumed that she survived me and this presumption shall apply throughout this Will." There was a similar provision under the marital trust section of the will. *Estate of Gordon* was merely an examination of the timing elements of the murder-suicide pact to determine whether there was "doubt" as to the actual order of death and whether the order could not "be established by proof."

no way binding upon us in our determination of the application of the Federal estate tax statutes. *Allen v. Henggeler,* 32 F.2d 69 (8th Cir. 1929), cert. denied 280 U.S. 594 (1929); *Burnet v. Harmel,* 287 U.S. 103 (1932); cf. *Commissioner v. Estate of Bosch,* 387 U.S. 456 (1967). But in any event, we believe that the cited case is distinguishable from the case at bar.

*In re Estate of Conover* held that no amount was includable in the estate of the noncontributing spouse even though the Simultaneous Death Act governed the devolution of the property.[4] In the present case, one-half the value of the jointly held property was reported in the noncontributing spouse's estate, and respondent apparently does not contend here, or in any of his earlier revenue rulings, that such reporting was in error. Unlike *Conover,* this case does not involve the includability of jointly held property in the noncontributing spouse's estate but rather the allowability of a marital deduction to the estate of the contributor spouse. Section 20.2056(e)–2(e), Estate Tax Regs., provides that if a presumption is provided by local law that the decedent was survived by his spouse, the survivorship requirement is satisfied so long as the presumption has the effect of giving the deemed survivor an interest includable in her gross estate. Respondent's reliance on *In re Estate of Conover* is thus misplaced since there is no dispute here concerning the includability of one-half the value in the estate of decedent's spouse.

In the present case, one-half the property jointly held by Luigi and Virginia Racca devolves by operation of N.Y. Est. Law sec. 2–1.6 as if Virginia Racca survived, and this result is not overcome by the provision in decedent's will. The survivorship requirement of section 20.2056(a)–1(b)(1), Estate Tax Regs., is thus satisfied.

Accordingly, decedent's estate is entitled to a marital deduction for one-half the value of the jointly held property.

*Decision will be entered under Rule 155.*

---

[4]But cf. Rev. Rul. 66–60, *supra,* as modified by Rev. Rul. 76–303, *supra.* In both *In re Estate of Conover,* 46 Misc. 2d 336, 259 N.Y.S.2d 618 (Westchester County Surr. Ct. 1965), and Rev. Rul. 66–60, there was no will provision for disposition on simultaneous death.